# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*, <br><br> Defendants | Civil Action No. 2:21-cv-03500-MAK |

## SPECIAL MASTER RECOMMENDED ORDER NO. 18

### July 8, 2022

By ECF Document No. 310, Plaintiff Value Drug Company has moved to compel Defendants Watson Laboratories, Inc. ("Watson") and Amneal Pharmaceuticals LLC ("Amneal") to produce the mediation position statements submitted during the Colcrys patent litigation, the settlement of which forms a key component of this antitrust action.[1] The mediation statements were submitted in response to an Order of United States Magistrate Judge Mary Pat Thynge, which directed that the parties describe the strengths and weaknesses of their cases;

---

[1] The mediation statements were submitted in August of 2015, and the claims against Watson and Amneal were resolved in December of 2015. Plaintiff alleges that the settlements were part of a conspiracy to restrain trade by delaying the entry of generic competition for the brand name pharmaceutical.

summarize prior settlement negotiations; and present a settlement proposal.  (ECF Document No. 310 at 2.)  Plaintiff asserts that "the mediation statements are highly relevant sources of information [to] assess Watson and Amneal's motivations and expectations in joining the alleged conspiracy."  (*Id.*)

Watson and Amneal refuse to produce the mediation position statements, citing the confidentiality provision of Judge Thynge's order governing the 2015 Colcrys mediation.  That confidentiality provision states:

> **The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation *nor any other litigation (whether presently pending or filed in the future),* and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

*Takeda Pharm. v. Par Pharm. Cos., Inc.*, No. 1:13-cv-01524-SLR, ECF No. 182 (D. Del., Apr. 6, 2015) (bold face in original; italics added.)[2]  Watson and Amneal also invoke a "mediation privilege," established by some legislatures and courts to shield from discovery communications made in connection with mediation.  *See,*

---

[2] It is undisputed that Par Pharmaceutical Inc., also a defendant in the matter *sub judice*, has produced its mediation position statement to Plaintiff.  That fact, however, is not dispositive of the right of Amneal and Watson to refuse to produce their mediation position statements.

2

*e.g., Sheldone v. Pa. Tpk. Comm'n,* 104 F. Supp. 2d 511, 513 (W.D. Pa. 2000) (M.J. Caiazza), *order aff'd*, (Aug. 8, 2000).[3]

Plaintiff disputes the existence of a "mediation privilege," asserting that such a privilege "has not been recognized by the Supreme Court, the Third Circuit, or any court of appeals, by any decision within the District of Delaware (in which the patent litigation took place), or any decision within the past 20 years in this District." (ECF Document No. 356 at 3.) There is, however, no need to consider the existence *vel non* of a common law "mediation privilege" and whether it applies here because Judge Thynge's specific order governing mediation in the Colcrys litigation is controlling and plainly entitles Watson and Amneal to refuse production of their mediation position statements.

The Order unambiguously covers the mediation position statements at issue here and assures Watson and Amneal that the statements shall not be used in *any* other litigation. Relying upon information concerning Judge Thynge's approach to mediation that had appeared on the District of Delaware's website, www.ded.uscourts.gov, and submitted in this matter at ECF Document No. 356-3, Plaintiff asserts that Judge Thynge allowed for "disclosure of confidential mediation materials in a subsequent case with the 'consent of the disclosing party'

---

[3] On May 23, 2022, the parties were requested to provide additional briefing on the existence of a federal common law mediation privilege.

or a 'court order.'" (ECF Document No. 356 at 2.) But Judge Thynge's specific Order governing the mediation at issue here does not contain such exceptions. Considering the conspicuous absence of a "court order" exception to the confidentiality provision governing mediation in the Colcrys patent litigation, Amneal and Watson are entitled to decline to produce their mediation position statements.[4] Significantly, Amneal and Watson have agreed to produce "draft term sheets, settlement agreements, and other Rule 408 exchanges of information relevant to the settlement." (ECF Document No. 346 at 6.) Thus, Plaintiff will not be prejudiced by having Judge Thynge's confidentiality order enforced here.

**ACCORDINGLY, IT IS HEREBY RECOMMENDED** that Plaintiff's Motion (ECF Document No. 310) to Compel Amneal and Watson to produce the mediation position statements submitted to Judge Thynge in the Colcrys patent infringement litigation in April of 2015 be **DENIED.**

s/ Thomas I. Vanaskie  
Hon. Thomas I. Vanaskie (Ret.)  
Special Discovery Master

---

[4] Because settlements of patent infringement cases often prompt antitrust scrutiny, it is not surprising that parties compelled to mediate a patent infringement suit would want to protect from subsequent disclosure their confidential mediation position statements.