UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, individually, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., PAR PHARMACEUTICAL, INC., WATSON LABORATORIES, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., and AMNEAL PHARMACEUTICALS LLC,<br><br>    Defendants. | Civil Action No. 2:21-cv-03500 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO PRODUCE WITNESSES FOR DEPOSITION**

Defendants[1] oppose Plaintiff's motion to compel Defendants to produce witnesses for deposition ("Motion").

The Federal Rules are clear: Absent an agreement of the parties or a court order, Plaintiff is limited to ten depositions. Nevertheless, Plaintiff has already noticed four Rule 30(b)(6) depositions as well as 16 fact depositions and expressed its intent to serve additional deposition notices.[2] Plaintiff's Motion takes the extraordinary position that it is entitled to operate free of the constraints provided in the Federal Rules, unilaterally determine how many depositions to take, and notice "iterative" waves of depositions without limitations. *See* Mot. at 2. That is not the law. And Plaintiff has failed to meet its burden of making a particularized showing to justify *any* additional depositions beyond ten, let alone to proceed without any deposition limits at all.

Plaintiff's Motion is also premature. Defendants have been—and remain—willing to consider a *reasonable* increase over the ten-deposition limit set by the Federal Rules. For months, Defendants have sought to engage Plaintiff in a meaningful meet and confer on the appropriate deposition limits in this case. *See, e.g.*, Ex. A, Aug. 4, 2022 e-mail from J. Chapman to B. Demuth; Ex. B, May 12, 2022 e-mail from D. Huyett to Plaintiff's Counsel. But Plaintiff has steadfastly refused to negotiate in good faith or offer Defendants explanation for the additional depositions it seeks beyond the ten allowed by the Federal Rules.

The Federal Rules expressly set a ten deposition per side cap absent either *leave of the court* or *agreement by the other parties*. Fed. R. Civ. P. 30(a)(2). The ten-deposition limit

---

[1] Takeda Pharmaceuticals U.S.A., Inc. ("Takeda"); Par Pharmaceutical, Inc. ("Par"); Watson Laboratories, Inc. ("Watson"); Teva Pharmaceutical Industries Ltd. ("Teva Ltd."); Teva Pharmaceuticals USA, Inc. ("Teva USA"); and Amneal Pharmaceuticals LLC ("Amneal") (collectively, "Defendants").

[2] For example, Plaintiff asked counsel for Par if it was willing to accept service of subpoenas for two former employees who are not listed in Plaintiff's Motion: Lawrence Brown and Paul Campanelli.

expressly applies to multi-party cases like this one. Fed. R. Civ. P. 30(a) Adv. Comm. Notes ("In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court."); *see also Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) ("The Advisory Committee expressly indicated that the ten-per-side deposition limit applies to multi-party cases . . . and can only be lifted by stipulation or court approval."); *Dowkin v. Honolulu Police Dep't*, No. 10-cv-00087, 2012 WL 13168531, at *5 (D. Haw. Apr. 24, 2012) ("[T]he plain language of Rule 30(a)(2)(A)(i) clearly imposes a ten-deposition limit to each side of the litigation, no matter how many parties are named.").

Defendants are not, as Plaintiff contends, playing "games." Mot. at 1. To be clear, each Defendant stated to Plaintiff that it would begin the process of gathering potential deposition dates for the witnesses noticed (to the extent the witnesses are available to Defendants) to allow discovery to proceed. *See, e.g.*, Ex. A. But Defendants will *not* agree to Plaintiff's unilateral demand that they schedule the 22[3] depositions noticed by Plaintiff given the clear limits of the Federal Rules.

Plaintiff cites no precedent for its position that it can take "iterative" waves of depositions and unilaterally decide when it is done, and Defendants are aware of none. To the contrary, the sole case cited in Plaintiff's Motion outlines the appropriate procedure if Plaintiff seeks to exceed the ten depositions allotted under the Federal Rules: It must "make a particularized showing of why discovery is necessary," justifying "not only…those depositions it wishes to take, but also the depositions it has already taken." *General Elec. Co. v. Indemnity Ins. Co. of N. America*, 2006 WL 1525970 at *2 (D. Conn. May 16, 2006) (internal quotations and citations

omitted). The court in *General Electric* made clear that absent agreement of the parties, additional depositions can be considered only with this "requisite information." *Id.*; *see also Hertz Corp. v. Accenture LLP*, No. 119CV03508WHPSDA, 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 9, 2020) (applying same procedure); *LKQ Corp. v. Gen. Motors Co.*, No. 20 C 2753, 2021 WL 4125097, at *3 (N.D. Ill. Sept. 9, 2021) (same).

Despite this, Plaintiff's Motion *still* does not seek leave of the Court to exceed the ten-deposition limit of the Federal Rules and does not even try to make a particularized showing to support such a request. Plaintiff's argument that it cannot make such a showing without exceeding the limit in the first place (*i.e.*, taking a wave of at twenty two depositions) effectively seeks an automatic increase in the deposition limit, contrary to the Federal Rules and the case law. Indeed, if such an argument were sufficient to meet Plaintiff's burden, it would as a practical matter eviscerate the deposition limit.[4]

Plaintiff should be required to proceed as provided by law, including *General Electric*. It should notice *up to* ten depositions as permitted by the Federal Rules. If after taking those depositions, Plaintiff contends that additional depositions are justified, it can then attempt to make the "particularized showing" required by law. In the alternative, Plaintiff should be required to negotiate in good faith regarding the appropriate deposition limit in this case.

For the foregoing reasons, Plaintiff's Motion should be denied.

---

[3]  Plaintiff has noticed six 30(b)(6) depositions—one for each of the six Defendants (Takeda, Par, Amneal, Watson, Teva USA, and Teva Ltd.)—not four as Plaintiff states.

[4]  Plaintiff's purported concern about timing and "run[ning] the clock," Mot. at 2, falls flat given Plaintiff's own refusal to respond to Defendants' attempt to engage on this issue more than two months ago.

Dated: August 8, 2022

Respectfully submitted,

*/s/ Julia Chapman*
George G. Gordon
Steven E. Bizar
Julia Chapman
John P. McClam
Tiffany E. Engsell
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
T: 215-994-2382
F: 215-994-2222
george.gordon@dechert.com
steven.bizar@dechert.com
julia.chapman@dechert.com
john.mcclam@dechert.com
tiffany.engsell@dechert.com

*Attorneys for Defendant*
*Par Pharmaceutical, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of August 2022, a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Produce Witnesses for Deposition was filed electronically and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

                                              /s/ *Julia Chapman*
                                              Julia Chapman

Dated:     August 8, 2022