UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, individually, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., PAR PHARMACEUTICAL, INC., WATSON LABORATORIES, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., and AMNEAL PHARMACEUTICALS LLC,<br><br>    Defendants. | Civil Action No. 2:21-cv-03500 |

**TAKEDA'S JOINDER TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE WITNESSES FOR DEPOSITION**

Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") joins and incorporates by reference herein Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Produce Witnesses for Deposition. Takeda writes separately to correct Plaintiff's factual misstatements and material omissions concerning Takeda, as well as to highlight the prejudice to Takeda and its former employees if Plaintiff's motion is granted and Plaintiff is permitted to ignore the Federal Rules and insist upon scheduling depositions it has no right to take.

Plaintiff's Certification to the Court pursuant to Local Rule 26.1(f) states that "Defendants did not respond to Plaintiff's [deposition] notices" and Defendants have "refused to agree to schedule any depositions." ECF No. 426-1. Both statements are inaccurate:

- Since March of this year, Takeda has been attempting to engage with Plaintiff about the number of depositions per side.[1]  Plaintiff refused.[2]

- Instead, in April, Plaintiff sent a list of 56 witnesses it intended to depose.[3]

- Takeda asked that Plaintiff narrow its list of 56 witnesses down to ten, "so that we are not going through the wasteful exercise of attempting to get deposition dates for witnesses that Plaintiff does not have the right under the Rules to depose."[4]

- Takeda further provided deposition dates for three witnesses on Plaintiff's list (former employees Jason Maxwell and George Kokkines and current employee Nilesh Bhutada) and continued to offer to meet and confer about the total number of depositions.[5]

- Plaintiff did not schedule these depositions, ignored Takeda's offer to meet and confer about the total number of depositions, and instead served a second Rule 30(b)(6) notice (Takeda had previously provided written responses, as agreed, to the first 30(b)(6) notice).

- Takeda scheduled the 30(b)(6) deposition for July 1 and incurred significant time and expense preparing its witness—only to have Plaintiff cancel the deposition at the eleventh hour on June 27.[6]

- Plaintiff then served a third Rule 30(b)(6) notice on July 15, to which Takeda responded on August 3.  Takeda remains ready to meet and confer about these 30(b)(6) topics.

- After the close of business on Friday, July 29, Plaintiff served 14 additional deposition notices and additional deposition subpoenas to non-parties.  Six of the notices were directed to Takeda witnesses—five of whom are former employees.  Takeda told Plaintiff during

---

[1] Exhibit 1 (Mar. 23, 2022 P. Huyett Email to D. Litvin) ("Defendants are considering the scheduling modifications and other issues you have raised in your email below and will provide you with a substantive response shortly.  In the meantime, could you please let us know how many depositions you think you will need so that we can properly evaluate your position?").

[2] Id. (Mar. 23, 2022 D. Litvin Email to P. Huyett).

[3] Exhibit 2 (April 21, 2022 R. Barto Letter).

[4] Exhibit 3 (May 2, 2022 and Apr. 28, 2022 B. Fee Emails to D. Elman) ("Defendants request that Plaintiff narrow its list from 56 witnesses to 10 witnesses or that the parties schedule a joint meet and confer with all parties to discuss the possibility of expanding the number of depositions beyond 10.").

[5] Exhibit 4 (May 16, 2022 P. Huyett Email to D. Litvin) ("Defendants asked Plaintiff to meet and confer weeks ago about depositions and you ignored us despite multiple follow-ups.  Even now, Plaintiff still has not responded to our questions on the number of depositions it believes it needs and whether an expansion of the limits on depositions contained in Rule 30 is warranted.  We again ask that you do so promptly.").

[6] Exhibit 5 (June 27, 2022 P. Kohn Email).

- the August 3 meet and confer that it was in the process of reaching out to these former employees.

- Nonetheless, on August 3, only four business days after serving the notices—and without any showing of good cause to exceed the ten-deposition per side limit in the Federal Rules—Plaintiff filed the motion to compel the scheduling of all noticed depositions.

This record demonstrates that the relief requested in Plaintiff's Motion—an order requiring Takeda to "meet and confer with Plaintiff to schedule Plaintiff's noticed depositions" (ECF No. 426-2)—is unwarranted and unnecessary. Takeda (and the other Defendants) have attempted for the last five months, since March, to meet and confer with Plaintiff on deposition scheduling. Plaintiff has refused. The rules do not permit Plaintiff to simply notice and take more than twice the number of depositions it is permitted to take and then "later negotiate with Defendants or seek leave of Court" to take still more. ECF No. 426 at 2.

To quote Plaintiff, "[t]he fact discovery period in this case is too short for games like this." *Id.* at 1. Given Plaintiff's refusal to engage with Takeda and the other Defendants on a reasonable expansion of the ten deposition limit (to the extent warranted), and Plaintiff's inability even now to make any particularized showing of good cause to depart from the Federal Rules, Plaintiff should be held to the ten deposition limit and should promptly inform Defendants which ten depositions it would like to take, so that the parties may contact the affected individuals and begin the process of scheduling those depositions by the discovery deadline set by the Court.

<div style="display:flex;justify-content:space-between;">

Dated: August 8, 2022

Respectfully submitted,

*/s/ R. Brendan Fee*
Steven A. Reed
R. Brendan Fee
Melina R. DiMattio
D. Patrick Huyett
Vincent C. Papa
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
T:  215-963-5000
F:  215-963-5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com
patrick.huyett@morganlewis.com
vincent.papa@morganlewis.com

*Attorneys for Defendant*
*Takeda Pharmaceuticals U.S.A., Inc.*

</div>

**CERTIFICATE OF SERVICE**

     I hereby certify on this 8th day of August 2022, a true and correct copy of the foregoing Joinder to Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Produce Witnesses for Deposition was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

                                                     /s/ *Melina DiMattio*
                                                   Melina DiMattio

Dated:     August 8, 2022