**EXHIBIT 1**

**DiMattio, Melina R.**

| | |
|---|---|
| **From:** | Dan Litvin <dlitvin@garwingerstein.com> |
| **Sent:** | Wednesday, March 23, 2022 3:51 PM |
| **To:** | Huyett, D. Patrick; John.McClam@Dechert.com; Fee, R. Brendan; DiMattio, Melina R.; Reed, Steven A.; Gordon, George; Chapman, Julia; Allon, Devora W.; Bendheim, Gilad; McCarty, Andrew |
| **Cc:** | dsorensen@bm.net; Bradley J. Demuth; stuart@odrlaw.com; Bruce Gerstein; ssegura@ssrllp.com; rchorush@hpcllp.com; wcollier@hpcllp.com; dchiorean@odrlaw.com; Zachary Caplan; Deborah Elman; Caitlin Coslett; pkohn@faruqilaw.com |
| **Subject:** | Re: Value Drug v. Takeda et al - Discovery |

[EXTERNAL EMAIL]

Pat,

We think proposals regarding the number of depositions should follow depositions on the topic listed in the 30(b)(6) notices served earlier.

Best,

Dan

---

**From:** Huyett, D. Patrick <patrick.huyett@morganlewis.com>
**Date:** Wednesday, March 23, 2022 at 12:37 PM
**To:** Dan Litvin <dlitvin@garwingerstein.com>, John.McClam@Dechert.com <John.McClam@Dechert.com>, Fee, R. Brendan <brendan.fee@morganlewis.com>, DiMattio, Melina R. <melina.dimattio@morganlewis.com>, Reed, Steven A. <steven.reed@morganlewis.com>, Gordon, George <george.gordon@dechert.com>, Chapman, Julia <Julia.Chapman@dechert.com>, Allon, Devora W. <devora.allon@kirkland.com>, Bendheim, Gilad <gilad.bendheim@kirkland.com>, McCarty, Andrew <andrew.mccarty@kirkland.com>
**Cc:** dsorensen@bm.net <dsorensen@bm.net>, Bradley J. Demuth <bdemuth@faruqilaw.com>, stuart@odrlaw.com <stuart@odrlaw.com>, Bruce Gerstein <bgerstein@garwingerstein.com>, ssegura@ssrllp.com <ssegura@ssrllp.com>, rchorush@hpcllp.com <rchorush@hpcllp.com>, wcollier@hpcllp.com <wcollier@hpcllp.com>, dchiorean@odrlaw.com <dchiorean@odrlaw.com>, Zachary Caplan <zcaplan@bm.net>, Deborah Elman <delman@garwingerstein.com>, Caitlin Coslett <ccoslett@bm.net>, pkohn@faruqilaw.com <pkohn@faruqilaw.com>
**Subject:** RE: Value Drug v. Takeda et al - Discovery

Dan,

Defendants are considering the scheduling modifications and other issues you have raised in your email below and will provide you with a substantive response shortly. In the meantime, could you please let us know how many depositions you think you will need so that we can properly evaluate your position?

Thanks,
Pat

**D. Patrick Huyett**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4783 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
patrick.huyett@morganlewis.com | www.morganlewis.com
Assistant: Katie Kosiek | +1.215.963.5884 | kathleen.kosiek@morganlewis.com



---

**From:** Dan Litvin <dlitvin@garwingerstein.com>
**Sent:** Friday, March 18, 2022 7:01 PM
**To:** John.McClam@Dechert.com; Fee, R. Brendan <brendan.fee@morganlewis.com>; DiMattio, Melina R. <melina.dimattio@morganlewis.com>; Reed, Steven A. <steven.reed@morganlewis.com>; Huyett, D. Patrick <patrick.huyett@morganlewis.com>; Gordon, George <george.gordon@dechert.com>; Chapman, Julia <Julia.Chapman@dechert.com>; Allon, Devora W. <devora.allon@kirkland.com>; Bendheim, Gilad <gilad.bendheim@kirkland.com>; McCarty, Andrew <andrew.mccarty@kirkland.com>
**Cc:** dsorensen@bm.net; Bradley J. Demuth <bdemuth@faruqilaw.com>; stuart@odrlaw.com; Bruce Gerstein <bgerstein@garwingerstein.com>; ssegura@ssrllp.com; rchorush@hpcllp.com; wcollier@hpcllp.com; dchiorean@odrlaw.com; Zachary Caplan <zcaplan@bm.net>; Deborah Elman <delman@garwingerstein.com>; Caitlin Coslett <ccoslett@bm.net>; pkohn@faruqilaw.com
**Subject:** Value Drug v. Takeda et al - Discovery

[EXTERNAL EMAIL]
Counsel,

As referenced during today's hearing before Judge Vanaskie, there are a number of looming issues that the parties need to address heading into deposition practice and discovery generally:

1. The Parties need to resolve how many depositions each side may take;

2. Plaintiff needs to know Defendants' position on any dichotomy Defendants will make in their productions between so-called "phase one" and "phase two" issues. Do Defendants intend to withhold any documents from production on or before 4/15/22 on the basis that such documents may purportedly pertain to only "phase one" issues? In other words, will Defendants produce all documents hit upon by search terms/custodians being run, or will they hold any back on the basis of phasing? Do Defendants intend to make any witnesses unavailable until "phase two" discovery?

3. Will Defendants agree to produce their sales data immediately, by April 1, 2022?  If not, we intend to raise this with Judge Venaskie, including the impact of Defendants' failure to do so on deadlines for, *inter alia*, class certification reports.

4. Plaintiff proposes a modification of paragraphs 8-9 and 11 of the Court's scheduling order to account for the continuance of the document production deadline. Are Defendants amenable to a stipulation that would change the dates as follows:

    8. Trial counsel shall exchange their list of likely deponents on fact discovery and available dates for depositions as soon as possible after substantial document production and no later than ~~April 21, 2022~~ June 2, 2022 and then work in good faith to confirm the deposition dates to allow Plaintiff's counsel to file a status memorandum no later than ~~April 28, 2022~~ June 9, 2022 identifying the confirmed

deposition dates and locations for all fact witnesses. Nothing in this Order precludes depositions properly scheduled and completed before ~~April 21, 2022~~ June 2, 2022.

9. No later than ~~May 27, 2022~~ July 11, 2022, all parties seeking relief of any sort shall serve a detailed written demand, attaching all key documents in support of their demand, only upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before ~~June 17, 2022~~ July 29, 2022.

11. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on Phase 1 issues no later than ~~July 21, 2022~~ August 18, 2022 and on Phase 2 issues by **November 17, 2022.** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party for Phase 1 no later than ~~August 12, 2022~~ September 9, 2022 and for Phase 2 no later than **December 15, 2022.** Expert depositions, if any, shall be concluded no later than for Phase 1 by ~~August 19, 2022~~ September 16, 2022 and for Phase 2 by **December 22, 2022.**

5. Following up on an issue Plaintiff first raised via email on March 7, what is the position of Defendants on whether they have possession, custody or control of communications of their respective law firms to the law firms of other Parties to the Colcrys Patent Litigation, the Mitigare Patent Litigation and the Mylan Injunction Litigation? Such communications are responsive to Request 1 of Plaintiffs' RFPs and also to subpoenas served to the law firms that represented Defendants in the above litigations.

6. If Defendants intend to assert a reliance on counsel defense, please confirm that Defendants will not withhold any documents or deposition testimony on the subject matters of such reliance on the basis of attorney-client privilege, work-product, or joint-defense privilege.

Generally, the schedule in this matter provides little wiggle room so any disputes must be identified and resolved or brought to the Court without delay. Please provide your positions on the above matters no later than Wednesday March 23, 2022.

Best,

Dan

_____

Dan Litvin
Garwin Gerstein & Fisher LLP
Phone: 212 398 0055 ▪ Mobile:  516 317 1792
Direct dial: 646 291 4710
88 Pine St, 10th Floor▪New York, NY 10005

**From:** Dan Litvin <dlitvin@garwingerstein.com>
**Date:** Thursday, March 17, 2022 at 12:52 PM

**To:** McClam, John <John.McClam@dechert.com>, Fee, R. Brendan <brendan.fee@morganlewis.com>, DiMattio, Melina R. <melina.dimattio@morganlewis.com>, EXT Steven A. Reed <steven.reed@morganlewis.com>, Huyett, D. Patrick <patrick.huyett@morganlewis.com>, Gordon, George <george.gordon@dechert.com>, Chapman, Julia <Julia.Chapman@dechert.com>, Allon, Devora W. <devora.allon@kirkland.com>, Bendheim, Gilad <gilad.bendheim@kirkland.com>, McCarty, Andrew <andrew.mccarty@kirkland.com>
**Cc:** dsorensen@bm.net <dsorensen@bm.net>, Bradley J. Demuth <bdemuth@faruqilaw.com>, stuart@odrlaw.com <stuart@odrlaw.com>, Bruce Gerstein <bgerstein@garwingerstein.com>, ssegura@ssrllp.com <ssegura@ssrllp.com>, rchorush@hpcllp.com <rchorush@hpcllp.com>, wcollier@hpcllp.com <wcollier@hpcllp.com>, dchiorean@odrlaw.com <dchiorean@odrlaw.com>, Zachary Caplan <zcaplan@bm.net>, Deborah Elman <delman@garwingerstein.com>, Caitlin Coslett <ccoslett@bm.net>, pkohn@faruqilaw.com <pkohn@faruqilaw.com>
**Subject:** Colcrys - Hetero Production

Counsel,

Attached please find a document production we received from third party Hetero. Please note that the Bates stamping was added by Plaintiff.

---

Dan Litvin
Garwin Gerstein & Fisher LLP
Phone: 212 398 0055 ▪ Mobile:  516 317 1792
Direct dial: 646 291 4710
88 Pine St, 10th Floor▪New York, NY 10005

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT. This material is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information which is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating this material (other than to the intended recipient) or copying this material. If you receive this communication in error, please contact the sender immediately.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT. This material is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information which is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating this material (other than to the intended recipient) or copying this material. If you receive this communication in error, please contact the sender immediately.