IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALUE DRUG COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-3500 |
| | : | |
| **TAKEDA PHARMACEUTICALS, U.S.A., INC., PAR PHARMACEUTICAL, INC., WATSON LABORATORIES, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., AMNEAL PHARMACEUTICALS, LLC** | : : : : : : : : | |

# ORDER

**AND NOW**, this 14th day of September 2022, upon considering Plaintiff's Motion for leave to file under seal (ECF Doc. No. 482) its entire Memorandum in support of class certification and portions of its extensive Appendix in support of its Motion for class certification (ECF Doc. No. 483), mindful parties cannot file hundreds of pages of information under seal without explanation regardless of their private agreements and then shift the burden of ensuring public access on the Court by marking their discovery as confidential including press releases, blank pages, and long-stale financial information, and finding Plaintiff cannot offer a basis for us to find present particularized harm necessary to preclude public access to these documents and we may need to hold an evidentiary hearing to further evaluate the good faith basis for many assertions of a seal, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 482) is **DENIED** but we grant Defendants and a non-party demanding a seal on particular information to file a Memorandum not exceeding twenty pages (per designating party or designating non-party) demonstrating the particularized harm for each piece of information presently withheld from

public access in the Plaintiff's Memorandum and identified exhibits by no later than **September 23, 2022**:

  1.  Plaintiff shall today electronically serve this Order upon a non-party which designated information which Plaintiff agreed to file under seal in its Appendix and file a certificate of compliance with this service obligation identifying each person and entity with notice by no later than **September 15, 2022**;

  2.  We will order the prompt filing of presently withheld information, along with potential hearing on monetary sanctions, should the producing party either not withdraw their improvidently invoked confidentiality over publicly filed records or not timely meet the established standards of a present particularized harm arising from the filing of the Memorandum in support of class certification and the identified exhibits which appear to include:

    a.  Appendix 185-346: purporting to be an expert report including hundreds of lines of information (including publicly disclosed data) which do not appear to warrant a seal order;

    b.  Appendix 347-370: purporting to be an **October 6, 2014** declaration relating to actions dated years before then in another matter;

    c.  Appendix 371-376: purporting to be an **April 13. 2012** email describing media coverage and does not appear to warrant precluding of public access;

    d.  Appendix 377a-548a: purporting to be an ANDA original submission for colchicine tablets appears to include stale and dated information as well as material which could not possibly warrant public access;

    e.  Appendix 640a: purporting to be a **January 16, 2015** letter about a transaction occurring on **January 12, 2015**;

    f.  Appendix 641a-643a: purporting to report financial information for **2014 and 2016**;

    g.  Appendix 644a: purporting to be a **May 28, 2020** email describing the pricing in the market;

    h.  Appendix 645-648a: purporting to be an email from **January 2015** addressing "FTF value" and attaching a press release of several pages which someone inexplicably marked as "highly confidential";

    i.  Appendix 649-664: purporting to be the **November 24, 2015** license agreement between Takeda and Par at issue;

    j.  Appendix 665a-666a: purporting to be **November 2015** emails redacted for privilege;

    k.  Appendix 667-668: purporting to be a series of emails from **November 2015**;

    l.  Appendix 669: purporting to be an email exchange from **November 2015** relating to settlement discussions with Par;

    m.  Appendix 670a-680a: purporting to be emails from **November and December 2015** relating to Takeda Watson term sheets and counteroffers;

    n.  Appendix 681-725: purporting to be the settlement agreement effective **March 11, 2016** between Takeda and Amneal at issue;

    o.  Appendix 726-765a: purporting to be a settlement agreement effective **January 7, 2016** between Takeda and Watson;

      p.      Appendix 766-775: purporting to be emails from **January 2017** relating to communications including a variety of pages which merely state "not responsive" and potentially warranting sanctions for sealing this type of information;

      q.      Appendix 932-974: purporting to be a summary of the United States market for the generics and new product launch report from **June 2017**;

      r.      Appendix 975-1008: purporting to be a declaration of Walter Vandaele for which no party shows particularized harm as to each line of this report; and,

      s.      Appendix 1009-1073: purporting to be an **October 27, 2014** distribution and supply agreement between Takeda and Prasco.

                                                  **KEARNEY, J.**