IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALUE DRUG COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-3500 |
| | : | |
| **TAKEDA PHARMACEUTICALS, U.S.A., INC., PAR PHARMACEUTICAL, INC., WATSON LABORATORIES, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., AMNEAL PHARMACEUTICALS, LLC** | : : : : : : : : | |

# ORDER

**AND NOW**, this 19th day of September 2022, consistent with our March 15, 2022 Order (ECF Doc. No. 198) setting procedures for review of the appointed Special Master Judge Vanaskie's Report and Recommendations, and having reviewed Judge Vanaskie's September 15, 2022 Special Master Recommended Order No. 25 (ECF Doc. No. 505), citing no timely objections, and independently finding a substantial basis to adopt and approve Judge Vanaskie's analysis, it is **ORDERED**:

1. We **ADOPT** and **APPROVE** Special Master Judge Vanaskie's September 15, 2022 Recommended Order No. 25 (ECF Doc. No. 505);

2. We **DENY** Plaintiff's Motion to Compel Amneal to produce Joint Defense Agreements (ECF Document No. 454).[1]

_____
**KEARNEY, J.**

---

[1] ECF Doc. No. 505. Having carefully reviewed the JDAs, I find they do not contain communications between client and counsel. They are agreements among only counsel, albeit entered into on behalf of their respective clients. As such, they are not covered by the attorney-client privilege. *See Rodriguez v. Gen. Dynamics Armament and Tech. Products, Inc.*, 08-00189 SOM-KS, 2010 WL 1438908, at *3 (D. Haw. Apr. 7, 2010). The JDAs, however, are covered the

attorney work product doctrine, which "is broader than, and distinct from, the attorney-client privilege." *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, 12-257-JJB, 2014 WL 1784051, at *12 (M.D. La. May 5, 2014). "Generally, joint defense agreements are protected by work product privilege, and are therefore not discoverable without showing substantial need." *AMEC Civ., LLC v. DMJM 3 Harris, Inc.*, 06-064 FLW, 2008 WL 8171059, at *4 (D.N.J. July 11, 2008). As the at-issue JDAs were clearly prepared by counsel in anticipation of litigation, they fall within the work product doctrine. Even if the JDAs fall outside the parameters of the work product doctrine, they do not contain any information relevant to this litigation of which Plaintiff is not aware or which cannot be obtained without production of the JDAs themselves. *See Warren Distribg. Co. v. InBev USA L.L.C.*, 07-1053 RBK, 2008 WL 4371763, at *3 (D.N.J. Sept. 18, 2008) ("courts . . . [addressing] the issue have doubted [JDAs'] relevance to issues in dispute and have barred their production"). As Magistrate Judge Schneider observed, "a [signed] joint defense agreement . . . is not evidence of the conspiracy plaintiffs allege existed." *Id.* at *4. *See also In re Takata Airbag Products Liab. Litig.*, 15-02599- MD, 2020 WL 13310564, at *4–5 (S.D. Fla. Mar. 7, 2020), *report and recommendation adopted*, 15-02599-MD, 2020 WL 13310527 (S.D. Fla. May 17, 2020). Plaintiff knows the identity of the parties to the JDAs. When they were executed is not dispositive of the existence of a common interest. See Sandoz *Inc. v. Lannett Co., Inc.*, 570 F. Supp. 3d 258, 267 (E.D. Pa. 2021) ("[f]ederal courts applying the [common interest] privilege appear to assume . . . no written 4 agreement is necessary.") Thus, there is no compelling need to produce the JDAs and the drafts of the JDAs Plaintiff seeks.