**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT PENNSYLVANIA**

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., WATSON LABORATORIES, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., and AMNEAL PHARMACEUTICALS LLC,<br><br>*Defendants*. | Civil Action No. 2:21-cv-03500-MAK |

**DEFENDANT AMNEAL PHARMACEUTICALS LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION OF KAPIL GUPTA**

# INTRODUCTION

Plaintiff has returned to this Court with yet another request for additional depositions beyond the 10 depositions they are entitled to without leave pursuant to Rule 30(a)(2)(A)(i), beyond the 15 depositions Defendants previously agreed to provide to Plaintiff (ECF No. 470), and beyond any additional depositions from Par Pharmaceuticals Inc. ("Par") that Plaintiff will now be able to obtain after having dismissed Par with prejudice from this action (ECF No. 521). On August 10, Your Honor ordered the parties to "meet and confer for the purpose of identifying other witnesses whose depositions should be taken in this matter." Ex. 1, Hr'g Tr. 17:19-24. Plaintiff later discussed with Defendants a request for 7 additional depositions (ECF No. 470 at 1), all of which Defendants ultimately agreed to. But without even attempting to meet and confer, on September 13, 2022, Plaintiff improperly noticed the deposition of Mr. Gupta. *See* Plaintiff's Rule 26.1(f) Certification (ECF No. 524 ("Mot.")). Plaintiff's effort to end-run the process ordered by this Court and by the Federal Rules in order to continue to seek serial depositions should be rejected.

Moreover, Plaintiff has failed to sustain its burden of demonstrating "good cause" to depose Mr. Gupta. Indeed, rather than show the requisite good cause, Plaintiff's explanation of why it now seeks to depose Mr. Gupta lays bare its game—deliberately first deposing an obviously less knowledgeable witness to manufacture an excuse for additional depositions. That gamesmanship should not be rewarded, and Plaintiff's motion should be denied.

# ARGUMENT

"[T]he Federal Rules do not contemplate" an approach to discovery whereby Plaintiff may, "without having demonstrated any good cause for doing so," avoid a reasoned consideration of how to efficiently utilize its permitted number of depositions. *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235-36 (E.D. Pa. 2008). If a party "instead conduct[s]

1

depositions seriatim, thereby shifting costs to the opposing side," that is contrary to the Federal Rules. *Id.* Where, as here, "'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action,' and has not provided a good reason for failing to do so," the requested discovery should be denied. *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)).

Plaintiff does not even attempt to explain its tactical decision originally to depose Mr. Dhandhukia rather than his supervisor, Mr. Gupta. *See* Mot. at 2.[1] Indeed, as Plaintiff admits, while Mr. Dhandhukia did not begin working at Amneal until August 2019—a fact that was readily apparent based on a review of Mr. Dhandhukia's publicly available LinkedIn profile, *see* Ex. 2, as well as from the fact that the earliest-produced document mentioning Mr. Dhandukia is dated August 12, 2019, *see* Ex. 3. Similarly, that Mr. Gupta's tenure at Amneal dates back to 2012 is also apparent from his LinkedIn, *see* Ex. 4, and the documents produced by Amneal. *See* Ex. 5 (email dated December 11, 2012 with Mr. Gupta as a participant). Nor was it a secret that Mr. Gupta was Mr. Dhandukia's supervisor. Exhibit 2 to Mr. Dhandhukia's deposition shows him being reviewed by Mr. Gupta. Ex. 6.

And it was similarly clear that Mr. Dhandhukia was not involved in "upper-level decision making and strategy regarding Amneal's launch of generic Colcrys." Mot. at 2. Mr. Dhandhukia's role at all relevant times was as a relatively new Amneal employee (having been hired in August 2019) and an Associate Director, Strategic Portfolio Management, a relatively junior role and title.

---

[1] Plaintiff's citations to cases it claims show the relevance of the testimony it seeks are unavailing. *See* Mot. 2-3. The issue here is not whether Plaintiff could have reasonably deposed Mr. Gupta within either its as-of-right 10 depositions or the increase to 15 depositions Defendants later agreed to (*see* ECF No. 470 (describing Plaintiff's request for 7 additional depositions, 3 of Takeda witnesses, 2 of Amneal witnesses, and 2 of Teva USA or Watson witnesses); ECF No. 474 (denying motion following Defendants' consent to the additional depositions and Plaintiff's withdrawal of the motion), but whether Plaintiff's tactical decision not to do so should be rewarded with yet another burdensome deposition of an Amneal witness.

*See* Ex. 2.  Not only that, but that Mr. Dhandhukia was not on communications with, for example, Amneal's intellectual property group whereas Mr. Gupta was, is also a fact that is readily apparent on the face of documents produced in this litigation.  *See, e.g.*, Ex. 7.

There can be no question Plaintiff knew (or should have known) these facts.  The inescapable conclusion is that Plaintiff elected to first depose Mr. Dhandhukia—knowing he would not have knowledge about topics Mr. Gupta might know—to manufacture an excuse to demand additional depositions.  Had Plaintiff proceeded in the opposite order, there would be no justification for a duplicative deposition of Mr. Dhandhukia.  Plaintiff must live with its tactics; it cannot foist the burden of them onto Amneal.

Furthermore, Plaintiff's own authority makes clear that Plaintiff must show that Mr. Gupta's deposition is "essential to [Plaintiff's] case."  *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, 2021 WL 3403470, at *3 (E.D. Pa. Aug. 3, 2021) (quoting *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2006 WL 6487632, at *4 (D.N.J. Aug. 22, 2006)).  Plaintiff's motion plainly fails to meet that burden, as Plaintiff only proffers explanations of how Mr. Gupta's testimony might be "relevant."  Mot. at 1-2.  If mere relevance were the standard, that would sanction nearly limitless depositions, which would be contrary to both the language and purpose of Rules 26 and 30.  Plaintiff's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to take the deposition of Mr. Gupta.

3

Dated: September 22, 2022          KIRKLAND & ELLIS LLP

By: */s/ Karl Gunderson*
Karl Gunderson (PA Bar ID 315413)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: 312-862-2379
karl.gunderson@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Alexandra I. Russell (*pro hac vice*)
Gilad Bendheim (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
Andrew McCarty (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
devora.allon@kirkland.com
alexandra.russell@kirkland.com
gilad.bendheim@kirkland.com
jacob.rae@kirkland.com
andrew.mccarty@kirkland.com

*Attorneys for Amneal Pharmaceuticals LLC*

## CERTIFICATE OF SERVICE

I, Karl Gunderson, hereby certify that on September 22, 2022, I served the foregoing Defendant Amneal Pharmaceuticals LLC's Opposition to Plaintiff's Motion for Leave to Take Deposition of Kapil Gupta (ECF No. 524) by electronically filing this document with the Clerk of Court using the CM/ECF system, which will send an electronic notice to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 22, 2022          /s/ Karl Gunderson
                                   Karl Gunderson