# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*,<br><br>Defendants | Civil Action No. 2:21-cv-03500-MAK |

## SPECIAL MASTER RECOMMENDED ORDER  NO. 27

## October 5, 2022

Having exhausted the agreed-upon limit of fifteen depositions, Plaintiff has moved for leave to take the deposition of Kapil Gupta.  (ECF Document No. 524.) Mr. Gupta's employer, Defendant Amneal Pharmaceutical LLC (Amneal), opposes the motion, contending that Plaintiff has not shown "good cause" to take a deposition that would exceed the stipulated limit for depositions.[1]

A party seeking to take depositions beyond the limit to which the parties had agreed must show that "'the additional depositions are reasonable and necessary.'"

---

[1] Oral argument on the motion was heard on September 29, 2022, and the parties presented post-argument submissions on September 29 and 30, 2022.

1

*L.W. v. Lackawanna County, Pa.*, 3:14-CV-01610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) *quoting Alaska Electrical Pension Fund v. Pharmacia Corp.*, Civ. Action No. 03-1519, 2006 WL 6487632 (D. N.J., Aug. 22, 2006). "Depositions are generally found 'reasonable and necessary,' . . . when a party has exhausted its available depositions, identified the would-be deponent with specificity, and made a " 'particularized' showing of need" for the additional depositions." *Penn Engr. & Mfg. Corp. v. Peninsula Components, Inc.*, 19-CV-513, 2021 WL 3403470, at *3–4 (E.D. Pa. Aug. 3, 2021).

There is no question that the first two factors are present here. Plaintiff asserts that it has satisfied the third factor, a particularized showing of need to depose Mr. Gupta, by pointing out that the Amneal witness Plaintiff deposed on questions concerning Amneal's decision to launch its generic Colcrys, Sanjay Dhandhukia, did not join Amneal until after it had launched this product and generally deferred to his supervisor, Mr. Gupta. Amneal counters by pointing out that it had previously identified Mr. Gupta as a person knowledgeable with respect to launch-related matters in response to a Rule 30(b)(6) deposition notice served by Plaintiff, but which Plaintiff later withdrew. Amneal argues that Plaintiff should bear the consequences of its decision to proceed with the deposition of Mr. Dhandhukia despite being on notice that Mr. Gupta may be a "more" knowledgeable witness.

While it is unclear whether Plaintiff should have known better than to depose Mr. Dhandhukia on launch-related matters,[2] what is clear is that Mr. Dhandhukia was unable to answer certain questions and deferred to Mr. Gupta. Under these circumstances, Plaintiff has shown a particularized need to depose Mr. Gupta and should not be penalized for having deposed Mr. Dhandhukia.

**ACCORDINGLY, IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Leave to Take Deposition of Kapil Gupta (ECF Document No. 524) be **GRANTED.**

s/ Thomas I. Vanaskie  
Hon. Thomas I. Vanaskie (Ret.)  
Special Discovery Master

---

[2] Mr. Dhandhukia's title as Associate Director, Strategic Portfolio Management, suggested that he would be knowledgeable concerning the launch decision. And while Amneal points out that Mr. Dhandhukia's LinkedIn page would have shown that he was not employed by Amneal until August of 2019, the LinkedIn page presented by Amneal only identifies Mr. Dhandhukia as "Sanjay D," (ECF Document No. 529-2), so that it is not at all clear that Plaintiff should have known that it needed to depose Mr. Gupta, and not Mr. Dhandhukia.