**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

VALUE DRUG COMPANY, on behalf of
itself and all others similarly situated,

     Plaintiff,

     v.

TAKEDA PHARMACEUTICALS U.S.A.,
INC., *et al.*,

     Defendants.

Civil Action No. 2:21-cv-03500-MAK

**PLAINTIFF VALUE DRUG COMPANY'S MOTION TO COMPEL TAKEDA'S
PRODUCTION OF ITS ATTORNEY "CRIME-FRAUD" COMMUNICATIONS**

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 26.1(f)</u>

Pursuant to Local Rule 26.1(f), Plaintiff hereby certifies that, upon review of Takeda's production of over 400,000 pages across a dozen separate productions since September 23, 2022, Plaintiff promptly alerted Takeda that it may have inadvertently produced certain documents. Specifically, on October 6, 2022, Plaintiff alerted Takeda that, among other recently produced documents, TAK-COLCRYS-02061306, an email thread involving various Takeda in-house and outside attorneys, may have been inadvertently produced.  On October 19, 2022, Takeda sought to claw back TAK-COLCRYS-02061306 as privileged.  On October 26, 2022, Plaintiff advised Takeda that TAK-COLCRYS-02061306 was a crime-fraud attorney communication subject to discovery, and that absent Takeda's prompt agreement to provide appropriate relief, Plaintiff would file this motion.  The parties met and conferred telephonically on October 28, 2022 but were unable to resolve the issues.  This motion followed.

## I.   INTRODUCTION

Legal advice a client uses to perpetrate wrongdoing is not privileged or protected work product.  A conspiracy in restraint of trade is illegal, punishable as a felony.  TAK-COLCRYS-02061306 consists of a series of pre-settlement communications among various Takeda lawyers

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████   Specifically, TAK-COLCRYS-02061306 establishes that, as a result of the advice provided by its lawyers, Takeda

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████   Following that legal advice, Takeda

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████   As a result of the agreement reached among Takeda, Par, Watson, and Amneal, facilitated by the legal advice rendered by Takeda's lawyers in TAK-COLCRYS-02061306, Takeda's supracompetitive Colcrys pricing and profits were preserved for over two years, Par received 837 days of exclusivity when it was legally eligible for only 180 days, Watson and Amneal received 135 days of shared exclusivity when

they should not have had any, and later-filing generics were prohibited from entering until the 136th day after Watson  and Amneal entered.  As a result of the conspiracy, Plaintiff and the class would be forced to pay more for colchicine tablets.  In sum, this motion seeks an order compelling immediate production of TAK-COLCRYS-02061306 as a smoking gun of improperly used legal advice to facilitate concerted action in restraint of trade.

## II.   ARGUMENT

The justification for attorney-client privilege and work product protection "ceases to operate" when the at-issue legal advice refers "not to prior wrongdoing, but to future wrongdoing."[1]  The "crime fraud" exception applies whenever there is "a reasonable basis to suspect" that there has been a "misuse" of attorney advice "in furtherance of an improper purpose."[2]  To properly assess the challenge, *in camera* review is appropriate where there is a reasonable, factually-based "good faith belief" that such review will establish the exception's application.[3]

*In camera* review of TAK-COLCRYS-02061306 is an appropriate next step and will quickly confirm the crime-fraud exception applies.  Even upon a cursory review (and virtually impossible to forget), TAK-COLCRYS-02061306 establishes that, prior to the November 23, 2015 execution of the Takeda-Par settlement that provided Takeda with two years' delay in Par's

---

[1] *In re Grand Jury*, 705 F.3d 133, 151 (3d Cir. 2012) (quoting *United States v. Zolin*, 491 U.S. 554, 562-63 (1989)).

[2] *Id.* at 157; *see also id.* at 153-54 (proof of crime or fraud not required for crime fraud exception to apply).  The attorney communications at issue here concern an output-restriction agreement that constitutes a felony under the Sherman Act.  *See* 15 U.S.C. § 1 (felony to enter into any contract, combination, or conspiracy in restraint of trade).

[3] *In re Grand Jury Subpoena*, 745 F.3d 681, 688 (3d Cir. 2014) (quoting *Zolin*, 491 U.S. at 572); *Prudential Ins. Co. of Am. v. Massaro*, 47 Fed. Appx. 618, 619 (3d Cir. 2002) (describing *in camera* review as properly preceding the hearing necessarily afforded the party opposing the disclosure).

market entry and ███% of Par's profits upon its belated entry, Takeda's in-house lawyers

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

Takeda's outside lawyers ███████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Following this

legal advice, Takeda went ahead and obtained Watson and Amneal's agreement not to enter until

October of 2020 (837 days after Par's market entry), in exchange for their own 135-day semi-

exclusivity period, created by Takeda's promise not to license another ANDA filer to enter the

market until the 136th day after Watson's entry.  This is precisely the kind of improper use of

legal advice in aid of future wrongdoing for which the crime-fraud exception nullifies any

privilege or protection that might otherwise apply.  The document requires immediate

production.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order directing Takeda to

provide the Court with TAK-COLCRYS-02061306 for its *in camera* review.  Upon the Court's

*in camera* review, Plaintiff requests a further order directing Takeda's immediate: (i) production

of TAK-COLCRYS-02061306; and (ii) review and production of all other currently withheld

communications involving any of the in-house and outside attorneys identified in TAK-

COLCRYS-02061306 that similarly discuss how Takeda's output restriction scheme may be

secured, effectuated, and/or implemented.

Dated:  November 14, 2022                              Respectfully submitted,

**VALUE DRUG COMPANY**

By:     */s/ Peter Kohn*

3

One of Its Attorneys

Bruce E. Gerstein
Dan Litvin
Deborah Elman (Pa. I.D. 87503)
David B. Rochelson
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com
delman@garwingerstein.com
drochelson@garwingerstein.com

David F. Sorensen (Pa. I.D. 57766)
Caitlin G. Coslett (Pa. I.D. 306915)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
dsorensen@bm.net
ccoslett@bm.net

Susan Segura
David C. Raphael
Erin R. Leger
**SMITH SEGURA RAPHAEL
LEGER LLP**
221 Ansley Blvd.
Alexandria, LA 71303
(318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com
eleger@ssrllp.com

Peter Kohn (Pa. I.D. 65454)
Joseph Lukens (Pa. I.D. 67405)
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Bradley J. Demuth
Raymond N. Barto
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017
(212) 983-9330
bdemuth@faruqilaw.com
rbarto@faruqilaw.com

Stuart E. Des Roches
Andrew W. Kelly
**ODOM & DES ROCHES LLC**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077
stuart@odrlaw.com
akelly@odrlaw.com

Russell Chorush
**HEIM PAYNE & CHORUSH LLP**
1111 Bagby Street, Suite 2100
Houston, TX 77002
(713) 221-2000
rchorush@hpcllp.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, served the foregoing on all parties and counsel of record by electronically filing this document with the Clerk of Court using the CM/ECF system.

Dated: November 14, 2022

*/s/ Peter Kohn*
Peter Kohn