# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*,<br><br>    Defendants. | Civil Action No. 2:21-cv-03500-MAK |

**PLAINTIFF VALUE DRUG COMPANY'S MOTION TO ENFORCE THE COURT'S ORDER OF NOVEMBER 10, 2022 (ECF NO. 630)**

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 26.1(F)

Pursuant to Rule 26.1(f), Plaintiff hereby certifies that the parties are unable to resolve their dispute regarding the deposition of Lars Taavola, Amneal's former inhouse counsel with responsibility for negotiating the Takeda-Amneal settlement and the related anticompetitive agreements at issue in this case. On November 8, 2022, Judge Vanaskie recommended that Plaintiff's Motion for Leave to Issue a Testimonial Subpoena to Lars Taavola be granted. ECF No. 625. Neither Amneal nor any other party filed an objection to Judge Vanaskie's recommended order. The Court thereafter adopted and approved Judge Vanaskie's recommended order and granted Plaintiff's motion. ECF No. 630.

On November 8, 2022, Plaintiff emailed Amneal's counsel, Kirkland & Ellis, a testimonial subpoena directed to Lars Taavola, consistent with Kirkland's representation that it would also be representing Taavola and would accept service of a subpoena on his behalf. Ex. A; ECF No. 544-2 at 1. Kirkland responded on November 10, 2022, claiming that "Mr. Taavola has a very demanding work schedule, and it is difficult for him to make himself available for a full day deposition over the next six weeks." Ex. B at 2. Kirkland instead insisted that Taavola provide only a half-day deposition of no more than 3.5 hours. *Id.* Plaintiff responded on November 11, 2022, informing Kirkland that a busy schedule is not a justification for limiting his deposition. *Id.* at 1. Plaintiff requested to meet and confer. *Id.* Kirkland failed to respond with 48 hours as required, necessitating this motion.

**I.      INTRODUCTION**

The Court should immediately order the full day deposition of Lars Taavola. In granting Plaintiff's Taavola motion just last week, Judge Vanaskie recognized that "Mr. Taavola did play an important part in the settlement of the patent infringement case," and that "Plaintiff should be able to confront Mr. Taavola about his involvement[.]" ECF No. 625 at 3. Taavola (through Amneal's counsel) is now attempting to impede Plaintiff's ability to do so by claiming he is too busy to sit for a full deposition at any time before the end of fact discovery. But both Amneal and Taavola have been on notice of Plaintiff's need for Taavola's deposition since at least September. Taavola's busy schedule is simply no excuse. Nor is Taavola's demand for a half-day deposition justified. Taavola's rehashing of Amneal's unsuccessful argument that his full deposition is not reasonable or necessary appears designed only to run out the clock on fact discovery.

**II.     BACKGROUND**

According to Amneal, Lars Taavola was the "primary [in-house] contact regarding the Takeda-Amneal settlement negotiation" and "drove settlement negotiation strategy[.]" Amneal Opp'n to Mot. to Compel, ECF No. 270 at 2. Plaintiff first requested that Amneal consent to Taavola's deposition on September 26, 2022. ECF No. 544-2 at 4. Amneal refused and required Plaintiff to file a motion, which it opposed, filed supplemental briefing on (including 50 pages of exhibits), and argued before Judge Vanaskie. Not once did Amneal claim that Taavola was too busy, or argue in the alternative, for only a half-day deposition. Plaintiff's motion was granted. ECF Nos. 625 & 630.

Amneal's counsel is representing Taavola and accepted service of a testimonial subpoena (noticed for November 22) on his behalf. Ex. A; ECF No. 544-2 at 1. On November 10, 2022, counsel responded that Taavola would not sit for a full deposition because he "has a very demanding work schedule." Ex. B at 2. Taavola refuses to sit for a deposition of any longer than

1

3.5 hours. *Id.* Plaintiff requested a meet and confer on November 11, 2022, but never received a response. *See id.* at 1.

### III.   ARGUMENT

The Court has already rejected Amneal's argument that Taavola's deposition is unnecessary. Taavola's claim now that a deposition of more than a half day is not necessary is an unwarranted second bite at the apple. It ignores that Plaintiff may need to address nearly everything Cappel could not recall during his almost seven-hour long deposition. *See* ECF No. 625 at 3 (recognizing it was undisputed that "no [Amneal] witness has been able to recall much about the settlement of the Colcrys patent infringement litigation"). And Plaintiff is entitled to inquire into other events and documents within Taavola's personal knowledge, beyond those addressed with other Amneal witnesses. While Plaintiff certainly does not intend to keep Taavola longer than is necessary, Taavola cannot unilaterally refuse to sit for the full day's deposition contemplated by Federal Rule of Civil Procedure 30(d)(1).[1]

Taavola's newly asserted objection—that he is too busy for a deposition—does not excuse him from his discovery obligations. For one, this Court has already made clear that "[a] litigant should not be able to make serial objections to discovery, trying out one and then asserting another when the first objection is unsuccessful." Recommended Order, ECF No. 574 (Oct. 18, 2022). More fundamentally, a busy schedule does not excuse a witness from a deposition[2]—even for

---

[1] Taavola may attempt to find support in the Court's order granting in part Plaintiff's motion to compel the deposition of Dr. Paul Tully. There, however, Plaintiff and Dr. Tully "agreed during oral argument" to a "deposition of Dr. Tully not exceeding four (4) hours." ECF No. 496 (Sept. 12, 2022).

[2] *See, e.g.*, *Smith v. City of Stockton*, 2017 WL 11435161, at *3 (E.D. Cal. Mar. 27, 2017) ("Jones's busy schedule is not 'good cause' to preclude his deposition."); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, 2012 WL 1470129, at *1 n.4 (S.D. Miss. Apr. 27, 2012) ("Andringa's assertion of an extremely busy schedule is not a sufficient ground to avoid a deposition."); *Kennedy v. Jackson Nat'l Life Ins. Co.*, 2010 WL 1644944, at *1 (N.D. Cal. Apr.

nonparty witnesses.[3]  For instance, in *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prod. Liab. Litig.*, the court denied a motion to quash a nonparty subpoena to the former president of a defendant because he "offer[ed] no other reason" to quash the subpoena "[b]eyond his busy work schedule," as the then-President and CEO of Kraft Foods.  2014 WL 3035791, at *3 (E.D. Pa. July 1, 2014).  The court also rejected the former president's request to limit the deposition to three hours because it would be "too constricting."  *Id.* at *4; *see also Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2014 WL 12544827, at *3 (E.D. Va. Jan. 9, 2014) (finding no basis to grant a request to limit an "extraordinarily busy" former executive's deposition to two hours); *CBS, Inc.*, 102 F.R.D. at 822 (granting motion to compel deposition of high-level executive to continue beyond four hours).  Here, Taavola offers no reason beyond his "very demanding work schedule" to excuse him from a full deposition.  Ex. B at 2.  He should be ordered to sit for a full day's deposition of up to seven hours.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this motion be granted.

---

22, 2010) (denying protective order despite "the busy schedule of Manning, a high-ranking executive"); *Nye v. Ingersoll-Rand Co.*, 2009 WL 10741606, at *5 (D.N.J. Dec. 11, 2009) ("Volpe's busy 'travel schedule' is not a sufficient basis to grant a protective order to prevent his deposition"); *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984) ("the fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery"); *Culp v. Devlin*, 78 F.R.D. 136, 141 (E.D. Pa. 1978) ("Although this Court recognizes that the defendant Mayor and Police Commissioner are busy officials and such depositions might burden their schedules, these considerations do not outweigh the importance of allowing discovery to go forward").

[3] *See MJW TruePosition, Inc. v. Polaris Wireless, Inc.*, 2013 WL 2147552, at *3 (D. Colo. May 16, 2013) (compelling a busy nonparty witness to sit for a deposition, even if it needed to be scheduled on a weekend); *Charter Oak Fire Ins. Co. v. Am. Cap., Ltd.*, 2012 WL 5862735, at *4 & n.11 (M.D. Pa. Nov. 19, 2012) (denying motion to quash subpoena for testimony of an "extremely busy" nonparty witness); *In re Martino*, 2010 WL 1257686, at *1 (W.D. Pa. Mar. 26, 2010) ("I know of no authority to support the proposition that an important or busy employee must be excused from complying with a subpoena").

Dated: November 15, 2022                                      Respectfully submitted,

                                                      **VALUE DRUG COMPANY**

                                            By:   */s/ Peter Kohn*
                                                    One of Its Attorneys

| | |
|---|---|
| Bruce E. Gerstein<br>Dan Litvin<br>Kimberly M. Hennings<br>Deborah Elman<br>**GARWIN GERSTEIN & FISHER LLP**<br>88 Pine Street, 10th Floor<br>New York, NY 10005<br>(212) 398-0055<br>bgerstein@garwingerstein.com<br>dlitvin@garwingerstein.com<br>khennings@garwingerstein.com<br>delman@garwingerstein.com | Peter Kohn (Pa. I.D. 65454)<br>Joseph Lukens (Pa. I.D. 67405)<br>**FARUQI & FARUQI LLP**<br>1617 JFK Blvd, Suite 1550<br>Philadelphia, PA 19103<br>(215) 277-5770<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com |
| David F. Sorensen (Pa. I.D. 57766)<br>Caitlin G. Coslett (Pa. I.D. 306915)<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>(215) 875-3000<br>dsorensen@bm.net<br>ccoslett@bm.net | Bradley J. Demuth<br>Raymond N. Barto<br>**FARUQI & FARUQI LLP**<br>685 Third Avenue<br>New York, NY 10017<br>(212) 983-9330<br>bdemuth@faruqilaw.com<br>rbarto@faruqilaw.com |
| Susan Segura<br>David C. Raphael<br>Erin R. Leger<br>**SMITH SEGURA RAPHAEL LEGER LLP**<br>221 Ansley Blvd.<br>Alexandria, LA 71303<br>(318) 445-4480<br>ssegura@ssrllp.com<br>draphael@ssrllp.com<br>eleger@ssrllp.com | Stuart E. Des Roches<br>Andrew W. Kelly<br>**ODOM & DES ROCHES LLC**<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>(504) 522-0077<br>stuart@odrlaw.com<br>akelly@odrlaw.com |
| | Russell Chorush<br>Christopher M. First<br>William B. Collier, Jr.<br>**HEIM PAYNE & CHORUSH LLP**<br>1111 Bagby Street, Suite 2100<br>Houston, TX 77002<br>(713) 221-2000<br>rchorush@hpcllp.com<br>cfirst@hpcllp.com<br>wcollier@hpcllp.com |

*Counsel for Plaintiff and the Proposed Class*

5

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I served the foregoing by electronically filing this document with the Clerk of Court using the CM/ECF system.

Dated:  November 15, 2022                                    */s/ Peter Kohn*  
                                                                                   Peter Kohn