# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

VALUE DRUG COMPANY

                  Plaintiff,

     - against -

TAKEDA PHARMACEUTICALS, U.S.A.,
INC., *et al.*,

                  Defendants.

Civil Action No.:
Related Case No.: 2:21-cv-03500-MAK[1]

## LARS TAAVOLA AND KEN CAPPEL'S MOTION TO QUASH SUBPOENA FOR PERSONAL PHONE RECORDS AND LOCATION DATA

Lars Taavola and Ken Cappel (together, "Movants"), pursuant to Fed. R. Civ. P. 45(d), hereby submit this Motion to Quash Value Drug Company's Subpoena to AT&T for Phone Records and Location Data, and in support states:

## I. INTRODUCTION AND FACTUAL BACKGROUND

This motion seeks to quash a subpoena issued to AT&T Wireless ("AT&T") for phone records and location data of non-parties to an ongoing litigation in the Eastern District of Pennsylvania, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, Case No. 2:21-cv-03500-MAK (the "Underlying Action"). Movants Lars Taavola and Ken Cappel are former in-house counsel of a Defendant in that case, Amneal Pharmaceuticals LLC ("Amneal"). The subpoena was issued by Value Drug Company ("Value Drug"), a wholesaler of pharmaceutical products that is the Plaintiff in the Underlying Action. Because the subpoena inappropriately seeks personal information of non-parties, and because such information is

---

[1]    As set forth herein, this Motion to Quash concerns a subpoena issued from the federal court in the Eastern District of Pennsylvania, but the place for compliance specified in the subpoenas is Miami, Florida. In accordance with Fed. R. Civ. P. 45(d)(3)(A), Messrs. Cappel and Taavola move this Court to quash the subpoenas, as it is the court for the district where compliance is required.

neither relevant nor proportional to the needs of the Underlying Action, Movants respectfully request this Court to quash Value Drug's subpoena, in its entirety.

The Underlying Action concerns a settlement agreement that resolved a patent litigation between Amneal and another pharmaceutical company, Takeda Pharmaceuticals U.S.A., Inc. Value Drug alleges that the settlement agreement between Takeda and Amneal was unlawful and anticompetitive. Value Drug alleges that the settlement between Takeda and Amneal was a part of a conspiracy between Takeda, Amneal, and two other generic pharmaceutical companies to restrict output of the drug colchicine. From August 2015 to January 2016, Movants were both involved in the settlement negotiations on behalf of Amneal.

The subpoena at issue was issued to non-party AT&T at 11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408, seeking the phone records and location data of thirteen individuals, including Messrs. Taavola and Cappel. (*See* Declaration of Alexandra Russell ("Russell Decl."), Ex. 1 Subpoena). Value Drug gave no notice to either Mr. Taavola or Mr. Cappel that it had subpoenaed their personal cell phone records and location data. Mr. Taavola received notice from AT&T on November 12, 2022 that his records had been subpoenaed by a third-party. The time of compliance for the subpoena is November 18 at 9 a.m., which this Motion precedes.

Value Drug seeks vast amounts of information concerning Movants and the other individuals in the AT&T subpoena. Specifically, Value Drug seeks "Electronic specifications for all call, SMS, MMS, and data records for" each of the Movants' personal cell phone numbers, including outgoing and incoming phone numbers for *all* calls, date and time of call start and end for *all* calls, the length of *all* calls, the time zone of *all* calls, the location of the phone for *all* calls, and the type of phone for *all* calls. *See* Russell Decl. Ex. 1, at 8-9. Plaintiff

seeks this information for a period of almost *five years*.  *Id*. (describing the "Relevant Time Period" as "January 9, 2015 through and including December 31, 2019").  At no point—within the subpoena, or otherwise—did Value Drug explain why such a vast swath of personal cell phone records and location data is relevant to any of the claims it alleges in the Underlying Action.

Recognizing the overbreadth of their subpoena and facing the threat of a similar Motion to Quash from another individual named in the subpoena, Dr. Paul Tully, Value Drug agreed to substantially narrow its request as to Dr. Tully *only*.  *See* Russell Decl. Ex. 2, November 17, 2022 Email Exchange between Counsel for Value Drug and Counsel for Dr. Paul Tully. Specifically, Value Drug agreed, for Dr. Tully *only*, to not seek any location data, and to only seek information regarding phone calls *between* the individuals listed in the subpoena, instead of *all* calls made or received.  *Id*.  However, when Movants' counsel made a good faith effort to resolve this dispute by offering to Value Drug counsel to narrow the subpoena as to Movants and similarly situated individuals on the same terms that Value Drug had narrowed the subpoena as to Dr. Tully, counsel for Value Drug did not respond.  *Id*.  This Motion followed.

## II.      LEGAL STANDARD

"A motion to quash a subpoena is governed by Rule 45 of the Federal Rules of Civil Procedure."  *Smith v. Pefanis*, 2008 WL 11333335, at *1 (N.D. Ga. Oct. 30, 2008).  Discovery "is not an unlimited license for a fishing expedition."  *Id*.  "A court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies."  *Russell v. City of Tampa, Fla.*, 2017 WL 2869518, at *2 (M.D. Fla. July 5, 2017).  "Further, a protective order may be issued for good cause to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or

discovery to certain matters." *Id*.

## III.    ARGUMENT

### A.    Movants Have Standing to Challenge the Subpoena

"[N]umerous courts have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party." *Keim v. ADF Midatlantic, LLC*, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (internal citations omitted) (finding that party had standing to challenge subpoena to his telephone carrier); *see also Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008); *Patrick Collins, Inc. v. John Does 1-13*, 2013 WL 3466833, at *2 (D.N.J. July 10, 2013) (finding the defendant had third-party standing to challenge a subpoena to an internet provider because he asserted "personal and proprietary interests" in his subscriber information). Here, Messrs. Cappel and Taavola are the users of phones whose records are being sought and have privacy interests in the phone records and location data. Movants therefore have standing to challenge the subpoena. *See Carpenter v. U.S.*, 138 S.Ct. 2206 (2018) (recognizing privacy interest in personal location data); *Keim*, 2016 WL 720967, at *2; *Gilmore v. Jones*, 2022 WL 267422, at *2 n.1 (D.N.J. Jan. 28, 2022) (recognizing that a movant had standing to challenge a subpoena seeking phone records because movant, as here, asserted "personal and proprietary interests in his phone records.").

### B.    The Subpoena Does Not Seek Relevant Information

As described above, the vast quantity of data Value Drug seeks in the subpoena are not relevant to any of Value Drug's claims in the Underlying Action. "Under Rule 45, courts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable or oppressive." *Malhan v. Grewal*, 2020

WL 6391180, at *3 (D.N.J. Nov. 2, 2020) (cleaned up).

Here, Value Drug seeks phone records and location data from the *personal* cell phones of Movants for a period of nearly **five years**.  This is the definition of a fishing expedition and is inherently unreasonable.  "Indeed, the subpoena's broad request for all phone records over the course of a year—without any subject-matter limitation—reveals just how unreasonable the subpoena is." *Gilmore*, 2022 WL 267422, at *2.  The information and data Value Drug seeks from AT&T is private, sensitive information reflecting the personal lives of each Movant, which is not relevant in any way to Value Drug's claims.  This type of information is not discoverable. *See Keim*, 2016 WL 720967, at *2 ("Defendants are not entitled to Plaintiff's and Ms. Worsena's entire telephone records since May 27, 2008 because Defendants have not made a showing that they are all relevant to the issues in this case…[f]or instance, telephone records of calls or text messages between Plaintiff and his mother are irrelevant to the issues in this case.").

Value Drug does not allege in any of its pleadings, or its subpoenas, that any of the Movants regularly engaged (or *ever* engaged) in any business discussions on their personal cell phones.  Nor does Value Drug explain why any information concerning Movants' locations would have any bearing on any of its claims.  What's more, even if Movants engaged in settlement negotiations on their personal cell phones during the course of settlement negotiations, the fact of those conversations is not probative at all of whether the ultimate settlement agreement was unlawful or not.  Because Value Drug "nowhere explains how these phone records…will help establish" any of their claims, *see Gilmore*, 2022 WL 267422, at *2, Value Drug's subpoena must be quashed.  *See id* (quashing subpoena for phone records due to a lack of relevance); *Smith*, 2008 WL 11333335, at *3 ("While defendants may be able to establish the relevance of some of plaintiff's phone records, they have not shown any reason that they

should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena… Allowing defendants this unrestricted access exceeds the scope of reasonable discovery in this case.").

Even if Value Drug could establish that some narrow sliver of the subpoena is targeted at relevant material, the subpoena is still facially overbroad both temporally and substantively. Instead of narrowly targeting the few months near the end of 2015 when Amneal and Takeda were negotiating the settlement agreement, Value Drug instead seeks almost ***five years*** of phone records and location data. *See Alton v. Liberty Med. Supply, Inc.*, 2007 WL 9702561, at *1 (S.D. Fla. Oct. 5, 2007) (rejecting request for telephone records as "temporally overbroad" when they sought phone records for one month following the relevant event). And instead of submitting a narrow request regarding phone records reflecting conversations between the negotiators *only*, Value Drug seeks records regarding *all* conversations. A subpoena with such a wide scope is untenable and, at a minimum, should be substantially narrowed. *See Keim*, 2016 WL 720967, at *2; *Nationwide Mut. Ins. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 2010 WL 11507085, at *3 (M.D. Fla. Apr. 9, 2010) (holding that a "request for all cell phone records is overly broad"); *Russell*, 2017 WL 2869518, at *4 (M.D. Fla. July 5, 2017) (substantially narrowing subpoena for phone records to a two-hour relevant time span). In fact, this result is exactly what Value Drug itself agreed to for Dr. Tully—another Amneal negotiator—and there is no basis besides a motivation to harass Movants for Value Drug to insist on the overbroad and intrusive subpoena it refuses to limit with respect to the Movants.

If this Court elects not to quash the facially overbroad subpoena in its entirety, it should narrow the subpoena to the time period wherein settlement negotiations took place (August 2015 through January 2016) and should narrow the request for phone records to communications

between known negotiators.

## IV. CERTIFICATE OF CONFERRAL UNDER S.D. FLA. L.R. 7.1(A)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel has attempted to confer in good faith with counsel for Value Drug in an effort to resolve this dispute without judicial intervention, by offering on November 17, 2022 to Value Drug to narrow the subpoena on identical terms to which Value Drug agreed to narrow the subpoena with respect to another individual listed in the subpoena.  *See* Russell Decl. Ex. 2.  Because counsel for Value Drug did not respond to undersigned counsel, the parties have been unable to resolve this dispute, and judicial intervention is necessary.

## V. CONCLUSION

For these reasons, this Court should quash the subpoena.

Dated: November 18, 2022                KIRKLAND & ELLIS LLP

By:     /s/ Nadia Abramson
        Nadia Abramson (FL Bar #121763)
        Kirkland & Ellis LLP
        300 North Lasalle
        Chicago, Illinois 60654
        Tel: 312-862-2484
        nadia.abramson@kirkland.com

        Devora Allon (*pro hac vice forthcoming*)
        Alexandra I. Russell (*pro hac vice forthcoming*)
        Gilad Bendheim (*pro hac vice forthcoming*)
        Kirkland & Ellis LLP
        601 Lexington Avenue
        New York, NY 10022
        Tel: 212-446-4800
        devora.allon@kirkland.com
        alexandra.russell@kirkland.com
        gilad.bendheim@kirkland.com

        *Attorneys for Movants Ken Cappel and Lars Taavola*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| VALUE DRUG COMPANY | Civil Action No.: |
| Plaintiff, | Related Case No.: 2:21-cv-03500-MAK |
| - AGAINST - | |
| TAKEDA PHARMACEUTICALS, U.S.A., INC., *ET AL.*, | |
| Defendants. | |

I, Alexandra Russell, the undersigned, declare as follows:

1.      I am a partner at the law firm of Kirkland & Ellis LLP, counsel for Movants Lars Taavola and Ken Cappel.  I am fully familiar with the facts and circumstances of this action.

2.      I submit this declaration, along with the exhibits annexed hereto, in support of Movants Lars Taavola and Ken Cappel's Motion to Quash Subpoena for Personal Phone Records and Location Data.

3.      Annexed hereto as **Exhibit 1** is a true and correct copy of Value Drug Company, Inc.'s Notice of Subpoena to AT&T, dated October 28, 2022.

4.      Annexed hereto as **Exhibit 2** is a true and correct copy of an email exchange between and among counsel for Lars Taavola and Ken Cappel, counsel for Value Drug Company, and counsel for Dr. Paul Tully.

Dated: November 18, 2022

*/s/ Alexandra Russell*
Alexandra Russell

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>　v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*,<br><br>　　　Defendants. | Civil Action No. 2:21-cv-03500-MAK |

<u>**NOTICE OF SUBPOENAS DUCES TECUM TO AT&T AND VERIZON**</u>

　　　PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of Federal Rules of Civil

Procedure, subpoenas in the attached form will be served on the following:

**AT&T Wireless**
**Verizon Wireless**

Dated: October 28, 2022

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　**VALUE DRUG COMPANY**

　　　　　　　　　　　　　　　　　By:　　*/s/ Bradley J. Demuth*
　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Bruce E. Gerstein
Dan Litvin
Deborah Elman (Pa. I.D. 87503)
David B. Rochelson
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com
delman@garwingerstein.com
drochelson@garwingerstein.com

David F. Sorensen (Pa. I.D. 57766)

Peter Kohn (Pa. I.D. 65454)
Joseph Lukens (Pa. I.D. 67405)
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Bradley J. Demuth
Raymond N. Barto
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017

Caitlin G. Coslett (Pa. I.D. 306915)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
dsorensen@bm.net
ccoslett@bm.net

Susan Segura
David C. Raphael
Erin R. Leger
**SMITH SEGURA RAPHAEL
LEGER LLP**
221 Ansley Blvd.
Alexandria, LA 71303
(318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com
eleger@ssrllp.com

(212) 983-9330
bdemuth@faruqilaw.com
rbarto@faruqilaw.com

Stuart E. Des Roches
Andrew W. Kelly
**ODOM & DES ROCHES LLC**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077
stuart@odrlaw.com
akelly@odrlaw.com

Russell Chorush
**HEIM PAYNE & CHORUSH LLP**
1111 Bagby Street, Suite 2100
Houston, TX 77002
(713) 221-2000
rchorush@hpcllp.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, I served the foregoing via email on the following representative counsel for defendants:

| | |
|---|---|
| Steven A. Reed | Devora W. Allon, P.C. |
| R. Brendan Fee | Alexandra I. Russell |
| Melina R. DiMattio | Gilad Bendheim |
| D. Patrick Huyett | Jacob M. Rae |
| Vincent C. Papa | KIRKLAND & ELLIS LLP |
| MORGAN, LEWIS & BOCKIUS LLP | |

*Attorneys for Defendant Takeda Pharmaceuticals U.S.A., Inc.*

*Attorneys for Defendants Watson Laboratories, Inc., Amneal Pharmaceuticals LLC, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries, Ltd.*

Dated: October 28, 2022

*/s/ Bradley J. Demuth*
Bradley J. Demuth

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Pennsylvania

| | | |
|---|---|---|
| Value Drug Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-03500-MAK |
| Takeda Pharmaceuticals U.S.A., Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
AT&T Wireless, National Compliance Center,
11760 US HWY 1, Suite 600, North Palm Beach, FL 33408

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

| Place: 1441 Brickell Avenue, Suite 1100, Miami FL 33131 (or place otherwise agreed upon) | Date and Time: 11/18/2022 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Bradley Demuth |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff _____ , who issues or requests this subpoena, are:

Bradley Demuth, Faruqi & Faruqi, LLP, 685 Third Ave, 26 FL, NY, NY, 10017, bdemuth@faruqilaw.com, 212.983.9330

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  2:21-cv-03500-MAK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                        _____
                                                      *Printed name and title*

                                        _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

I.      **Definitions and Instructions**

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2.      "Subpoena" means this subpoena and any schedules or attachments thereto.

3.      "AT&T" means AT&T Wireless and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

4.      The "Telephone Numbers" for which this Subpoena seeks information are:

| Phone numbers | Name of associated individuals | Possible corporate affiliations |
|---|---|---|
| (201) 852-1136 | Cappel, Kenneth | Amneal |
| (917) 701-6495 | Taavola, Lars | Amneal |
| (847) 910-7092 | Tully, Paul | McDonnell Boehnen |
| (847) 650-9810 | Buonaiuto, Mark | Takeda |
| (847) 946-8382 | Maxwell, Jason | Takeda |
| (323) 533-7531 | Takahashi, Heather | Munger Tolles |
| (310) 991-8384 | Weinberger, Jeffrey | Munger Tolles |
| (862) 210-5592 | Leitch, Nathalie | Actavis Teva |
| (609) 462-8886 | Motto, Daniel | Actavis Teva |
| (973) 610-7036 (201) 841-2318 | Spataro, Victoria | Actavis Teva |
| (202) 857-6232 | Berman, Richard | Arent Fox |

| (201) 310-7398 | Brown, Lawrence | Par Pharmaceutical |
| (908) 432-5075 | | Endo |
| (917) 683-3920 | | |
| (201) 749-7856 | Campanelli, Paul | Par Pharmaceutical |
| (908) 432-5075 | | Endo |
| (914) 263-9250 | | |

5.     The "Relevant Time Period" for which this Subpoena seeks information is

January 9, 2015 through and including December 31, 2019.

6.     The affidavit provided herewith shall be completed and executed by all natural

persons supervising and/or participating in the compliance with this Subpoena, and a copy of

each such executed affidavit shall be provided in response to this Subpoena.

## II.     **Documents to be Produced**

1.     Electronic specifications for all call, SMS, MMS, and data records for all

Telephone Numbers identified in Definition and Instruction No. 4 above, including:

| FIELD NAME[1] | FIELD DESCRIPTION | FIELD VALUE EXAMPLE |
|---|---|---|
| RECID | Unique record identifier | ABC0001 or<br>###.######.### |
| CALLFROM | Phone number initiating the call | 123-555-1212 |
| CALLTO | Phone number receiving the call | 123-555-1212 |
| DATETIMESTART | Date and time of call start | 04-DEC-14 08.35.15 AM |
| DATETIMEEND | Date and time of call end | 04-DEC-14 08.35.15 AM |
| DURATION | Length of call | hh:mm:ss |
| TIMEZONE | Time of zone of start/end date time | GMT/EST/CST |

---

[1] For SMS or MMS messages, other or additional Field Name electronic specifications may be more appropriate to include such as those that identify whether a given message was SMS or MMS, the time the SMS or MMS message was sent/received, and/or the total size of the SMS or MMS message sent/received (*i.e.*, total characters and/or total KB or MB).

| TIMEZONEOFFSET | Time zone of start/end date time | UTC offset, e.g., -5:00 |
| LOCATION | Location of phone or mobile | Philadelphia, PA OR GPS coordinates **Not Required if not available** |
| PHONETYPE | Type of phone | Mobile, Fax, Office **Not Required if not available** |

(NOTE: Delimiter should be pipe ( | ) no qualifier)

  2. Subscriber information, including subscriber name(s) and billing address(es), for all Telephone Numbers identified in Definition and Instruction No. 4 above, including documents sufficient to show changes to any such subscriber information over the Relevant Time Period.

## AFFIDAVIT OF COMPLIANCE WITH SUBPOENA

State of_____ }

County of_____ }

I,_____, being duly sworn, state as follows:

1.    I am employed by AT&T Wireless ("AT&T") in the position of _____;

2.    AT&T's productions and responses to the subpoena dated October 2, 2019 from plaintiffs in *In re Zetia (Ezetimibe) Antitrust Litigation*, 18-md-2836 (E.D. Va.) (the "Subpoena") were prepared and assembled under my personal supervision;

3.    I made or caused to be made a diligent, complete, and comprehensive search for all documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4.    AT&T's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5.    No documents responsive to the Subpoena have been withheld from AT&T's production and response, other than responsive documents withheld on the basis of a legal privilege or doctrine;

6.    All responsive documents withheld on the basis of a legal privilege or doctrine have been identified on a privilege log produced in response to the Subpoena;

7.    The documents contained in Respondent's productions and responses to the

Subpoena are records kept in the regular course of Respondent's business and, as such, are authentic, genuine and what they purport to be;

8. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any documents produced are authentic, genuine, and what they purport to be; and

9. Attached is a true and accurate statement of those requests under the Subpoena as to which responsive documents were located in the course of the aforementioned search.

_____   _____
Signature of Affiant                               Date

Subscribed and sworn before me this \_\_\_\_ day of _____, 2019.

_____, Notary Public

My commission expires: _____

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Value Drug Company | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:21-cv-03500-MAK |
| Takeda Pharmaceuticals U.S.A., Inc., et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Verizon Wireless, Attn:  VSAT, 180 Washington Valley Road, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

| | |
|---|---|
| Place: 685 Third Avenue, 26 FL, New York, NY 10017<br>(or place otherwise agreed upon) | Date and Time:<br><br>11/18/2022 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/28/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | /s/ Bradley Demuth |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Direct Purchaser Plaintiffs _____ , who issues or requests this subpoena, are:

Bradley Demuth, Faruqi & Faruqi, LLP, 685 Third Ave, 26 FL, NY, NY, 10017, bdemuth@faruqilaw.com, 212.983.9330

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:21-cv-03500-MAK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## I.    **Definitions and Instructions**

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2.      "Subpoena" means this subpoena and any schedules or attachments thereto.

3.      "Verizon" means Verizon Wireless and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

4.      The "Telephone Numbers" for which this Subpoena seeks information are:

| Phone numbers | Name of associated individuals | Possible corporate affiliations |
|---|---|---|
| (201) 852-1136 | Cappel, Kenneth | Amneal |
| (917) 701-6495 | Taavola, Lars | Amneal |
| (847) 910-7092 | Tully, Paul | McDonnell Boehnen |
| (847) 650-9810 | Buonaiuto, Mark | Takeda |
| (847) 946-8382 | Maxwell, Jason | Takeda |
| (323) 533-7531 | Takahashi, Heather | Munger Tolles |
| (310) 991-8384 | Weinberger, Jeffrey | Munger Tolles |
| (862) 210-5592 | Leitch, Nathalie | Actavis<br>Teva |
| (609) 462-8886 | Motto, Daniel | Actavis<br>Teva |
| (973) 610-7036<br>(201) 841-2318 | Spataro, Victoria | Actavis<br>Teva |
| (202) 857-6232 | Berman, Richard | Arent Fox |

| (201) 310-7398 (908) 432-5075 (917) 683-3920 | Brown, Lawrence | Par Pharmaceutical Endo |
|---|---|---|
| (201) 749-7856 (908) 432-5075 (914) 263-9250 | Campanelli, Paul | Par Pharmaceutical Endo |

5.    The "Relevant Time Period" for which this Subpoena seeks information is January 9, 2015 through and including December 31, 2019.

6.    The affidavit provided herewith shall be completed and executed by all natural persons supervising and/or participating in the compliance with this Subpoena, and a copy of each such executed affidavit shall be provided in response to this Subpoena.

## II.   **Documents to be Produced**

1.    Electronic specifications for all call, SMS, MMS, and data records for all Telephone Numbers identified in Definition and Instruction No. 4 above, including:

| FIELD NAME[1] | FIELD DESCRIPTION | FIELD VALUE EXAMPLE |
|---|---|---|
| RECID | Unique record identifier | ABC0001 or ###.######.### |
| CALLFROM | Phone number initiating the call | 123-555-1212 |
| CALLTO | Phone number receiving the call | 123-555-1212 |
| DATETIMESTART | Date and time of call start | 04-DEC-14 08.35.15 AM |
| DATETIMEEND | Date and time of call end | 04-DEC-14 08.35.15 AM |
| DURATION | Length of call | hh:mm:ss |
| TIMEZONE | Time of zone of start/end date time | GMT/EST/CST |

---

[1] For SMS or MMS messages, other or additional Field Name electronic specifications may be more appropriate to include such as those that identify whether a given message was SMS or MMS, the time the SMS or MMS message was sent/received, and/or the total size of the SMS or MMS message sent/received (*i.e.*, total characters and/or total KB or MB).

| TIMEZONEOFFSET | Time zone of start/end date time | UTC offset, e.g., -5:00 |
| LOCATION | Location of phone or mobile | Philadelphia, PA OR GPS coordinates **Not Required if not available** |
| PHONETYPE | Type of phone | Mobile, Fax, Office **Not Required if not available** |

(NOTE: Delimiter should be pipe ( | ) no qualifier)

2.      Subscriber information, including subscriber name(s) and billing address(es), for all Telephone Numbers identified in Definition and Instruction No. 4 above, including documents sufficient to show changes to any such subscriber information over the Relevant Time Period.

## AFFIDAVIT OF COMPLIANCE WITH SUBPOENA

State of_____ }

County of_____ }

I,_____, being duly sworn, state as follows:

1.  I am employed by Verizon Wireless ("Verizon") in the position of _____;

2.  Verizon's productions and responses to the subpoena dated October 2, 2019 from plaintiffs in *In re Zetia (Ezetimibe) Antitrust Litigation*, 18-md-2836 (E.D. Va.) (the "Subpoena") were prepared and assembled under my personal supervision;

3.  I made or caused to be made a diligent, complete, and comprehensive search for all documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4.  Verizon's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5.  No documents responsive to the Subpoena have been withheld from Verizon's production and response, other than responsive documents withheld on the basis of a legal privilege or doctrine;

6.  All responsive documents withheld on the basis of a legal privilege or doctrine have been identified on a privilege log produced in response to the Subpoena;

7.  The documents contained in Respondent's productions and responses to the

Subpoena are records kept in the regular course of Respondent's business and, as such, are authentic, genuine and what they purport to be;

8.     Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any documents produced are authentic, genuine, and what they purport to be; and

9.     Attached is a true and accurate statement of those requests under the Subpoena as to which responsive documents were located in the course of the aforementioned search.

_____              _____

Signature of Affiant                              Date

Subscribed and sworn before me this \_\_\_\_ day of _____, 2019.

_____, Notary Public

My commission expires: _____

# EXHIBIT 2

| From: | Rae, Jacob M. |
| --- | --- |
| To: | Rich, Joshua; Bradley J. Demuth |
| Cc: | Russell, Alexandra I.; bfee@morganlewis.com; DiMattio, Melina R.; ColcrysPlaintiffs; Bendheim, Gilad; McCarty, Andrew |
| Subject: | RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless (File No. 3558328) |
| Date: | Thursday, November 17, 2022 1:31:16 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Brad,

For all the reasons articulated by Mr. Rich below, Victoria Spataro, Lars Taavola, and Kenneth Cappel have been planning to file Motions to Quash both the AT&T Subpoena and the Verizon Subpoena. Given Plaintiff's willingness to agree to the limitations proposed by Dr. Tully, however, Ms. Spataro, Mr. Taavola, and Mr. Cappel would be willing to agree not to file such a motion if Plaintiff agrees to similar limitations on the scope of subpoenas as to the phone numbers associated with current or former employees of Teva/Actavis and Amneal (Ms. Spataro, Ms. Leitch, and Messrs. Motto, Taavola, and Cappel).

Please let us know by 4 PM ET today whether Plaintiff agrees to narrow the AT&T and Verizon subpoenas as to the Amneal and Teva/Actavis individuals on the same terms as it has agreed to limit the AT&T subpoena for Dr. Tully.

Best,

**Jacob Rae**
he/him/his
--------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 390 4516  **M** +1 610 299 9368
**F** +1 212 446 4900
--------------------------------------------------
jacob.rae@kirkland.com

---

**From:** Rich, Joshua <rich@mbhb.com>
**Sent:** Thursday, November 17, 2022 11:51 AM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I. <alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R. <melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>; Bendheim, Gilad <gilad.bendheim@kirkland.com>
**Subject:** Value Drug v. Takeda: Subpoena upon AT&T Wireless (File No. 3558328)

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Counsel,

AT&T Wireless has asked that a copy of the agreement narrowing the subpoena come from your e-mail address, since you served the subpoena. You can simply forward this message to gldc@att.com, but please ensure that the file number remains on the message so they know which account is at issue. Please also copy me on the message.

The parties have agreed to narrow the subpoena as follows with regard to the account of Paul Tully (phone number 847-910-7092). Note that this agreement does not affect any other account or number. AT&T Wireless may have additional time, if necessary, to respond to the subpoena to the extent that this amendment requires additional work by AT&T Wireless.

AT&T Wireless's response to the subpoena should be limited to only transmissions (calls or texts) between Dr. Tully's number and the other numbers identified in the subpoena, namely:
201-852-1136
917-701-6495
847-650-9810
847-946-8382
323-533-7531
310-991-8384
862-210-5592
609-462-8886
973-610-7036
201-841-2318
202-857-6232
201-310-7398
908-432-5075
917-683-3920
201-749-7856
908-432-5075
914-263-9250

The fields provided shall not include LOCATION, but shall include all other requested fields (RECID, CALLFROM, CALLTO, DATETIMESTART, DATETIMEEND, DURATION, TIMEZONE, TIMEZONEOFFSET, PHONETYPE).

No other transmissions to or from Dr. Tully's phone (phone number 847-910-7092) should be included in the response to the subpoena. No content from any transmission should be included in the response to the subpoena.

Regards,

Joshua Rich



**Joshua Rich** | Partner and General Counsel
d: 312.913.2133 | o: 312.913.0001
300 S. Wacker Drive | Chicago, IL 60606
**Mansfield Rule Participating Firm**

---

**From:** Rich, Joshua
**Sent:** Thursday, November 17, 2022 10:16 AM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R.
<melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>;
Bendheim, Gilad <gilad.bendheim@kirkland.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Counsel,

We agree on these terms.  We will contact AT&T Wireless.

Regards,

Joshua Rich



**Joshua Rich** | Partner and General Counsel
d: 312.913.2133 | o: 312.913.0001
300 S. Wacker Drive | Chicago, IL 60606
**Mansfield Rule Participating Firm**

---

**From:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Sent:** Thursday, November 17, 2022 10:10 AM
**To:** Rich, Joshua <rich@mbhb.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R.
<melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Plaintiff will agree to provide Dr. Tully notice of any subpoena seeking a further search of AT&T's
records for (847) 910-7092 – i.e., in the event other relevant numbers are discovered.

Please confirm our accord.

---

**From:** Rich, Joshua <rich@mbhb.com>
**Sent:** Thursday, November 17, 2022 11:01 AM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I. <alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R. <melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

---

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

---

Counsel,

We are willing to agree to these amendments to the proposal we provided if Plaintiff agrees that it will provide notice to Dr. Tully at the time of service of any other subpoena that would implicate his communications (as reserved by Plaintiff's statement that the agreement would be without prejudice to additional searches should additional relevant numbers be discovered).

Please confirm Plaintiff's agreement to this additional term.

Regards,

Joshua Rich



**Joshua R. Rich** [ ] Partner and General Counsel
300 South Wacker Drive [ ] Chicago, Illinois 60606-6709
312-913-2133 direct [ ] 312-913-0001 main [ ] 312-913-0002 fax
rich@mbhb.com [ ] www.mbhb.com

---

**From:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Sent:** Thursday, November 17, 2022 9:55 AM
**To:** Rich, Joshua <rich@mbhb.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I. <alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R. <melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>

**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Mr. Rich: Thank you for the courtesy of your email and proposed compromise. In the spirit of good faith and to avoid further dispute, Plaintiffs will agree, only as an specific accommodation to Dr. Tully and only as applied to AT&T's search of the records for Dr. Tully's cell number (847) 910-7092 (but not to its searches of the other numbers in the subpoena) to the following:

1. Plaintiff will agree to limit AT&T's present search of the records for (847) 910-7092 to only the other numbers listed in the subpoena -- such agreement would be without prejudice to additional searches should additional relevant numbers be discovered;
2. Plaintiff will agree, with respect to the requested FIELD NAME searches of the records for (847) 910-7092, to forgo only the requested FIELD NAME LOCATION data – everything else requested in the subpoena will be produced for (847) 910-7092 as requested; and
3. Plaintiff will agree to an extension of time, if needed, for AT&T to redo only its search of the records for (847) 910-7092, consistent with the above – AT&T would otherwise timely produce all the other records requested in the subpoena for all the other numbers.

Since your proposal does not neatly correspond with the specifications in Plaintiff's subpoena, a couple of additional clarifications:

Plaintiff's subpoena seeks specific Field Name data for both calls and text messages – i.e., all **communications** made to/from the (847) 910-7092. AT&T does not maintain text message content so that is not an issue. But the fact of a text message exchange is relevant evidence. Your proposal does not expressly address text message records, but the above agreement clarifies that AT&T will be producing its records for both calls and text messages to/from (847) 910-7092.

In addition, the general "location" information Plaintiff requested in the subpoena was also requested in Brooks, which came after and cites to and therefore is not superseded by Carpenter. That said, given Plaintiff's above agreement and accommodation to forgo production of the Location data for (847) 910-7092, we need not belabor the point. The above agreement clarifies that AT&T will be producing all requested records and information for (847) 910-7092 for both calls and text messages to/from any of the other numbers except not the requested Location Field Name data.

Please confirm Dr. Tully's accord.

Best,
Brad

---

**From:** Rich, Joshua <rich@mbhb.com>
**Sent:** Thursday, November 17, 2022 8:25 AM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I. <alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R. <melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

Counsel,

Please respond to the offer in this message by noon. We will otherwise have to move to quash unless Plaintiff agrees in writing to request an extension of time for the response to the subpoena, which may (or may not) extend the time for negotiation.

Dr. Tully is willing to agree to allow AT&T Wireless to provide the record identifier, initiating phone number, receiving phone number, date and time of call/transmission initiation, and date and time of call/transmission termination for transmissions only to the other numbers set forth in the subpoena. With such a subject matter limitation, we will not insist on a date limitation. If that is an acceptable scope to Plaintiff, please convey that message to us in writing so we can forward the narrowed scope to AT&T Wireless.

With regard to the case law and purported confusion on Plaintiff's part set forth below, the U.S. Supreme Court's 2018 decision in *Carpenter v. US* superseded the grounds for the *AF Holdings* case and establishes that an individual does have standing to challenge the production of information (including specifically location data, which Plaintiff has requested here) despite it being in the hands of a third-party telephone service provider. To the extent that the *Brooks* case is also denied standing on the basis of the third-party doctrine, it is clearly wrongly decided. But both are based on the fact that the subpoenas were narrowly drawn to obtain only information at issue in the cases. That is not the case here – the vast majority of information responsive to the subpoena as served relates to personal transmissions (and to a lesser extent, transmissions to other clients), none of which is at issue here.

We hope that our suggested narrowing of the scope of the subpoena to the transmissions that are within the scope of the issues here meets your agreement promptly so we can inform AT&T Wireless. We also ask that you agree in the same message to an extension of time, if needed, for AT&T Wireless to re-run its search for responsive documents to comply with the subpoena.

Regards,

Joshua Rich



**Joshua R. Rich** [ ] Partner and General Counsel
300 South Wacker Drive [ ] Chicago, Illinois 60606-6709
312-913-2133 direct [ ] 312-913-0001 main [ ] 312-913-0002 fax

**From:** Bradley J. Demuth <[bdemuth@faruqilaw.com](mailto:bdemuth@faruqilaw.com)>
**Sent:** Wednesday, November 16, 2022 10:45 PM
**To:** Rich, Joshua <[rich@mbhb.com](mailto:rich@mbhb.com)>
**Cc:** Rae, Jacob M. <[jacob.rae@kirkland.com](mailto:jacob.rae@kirkland.com)>; Russell, Alexandra I.
<[alexandra.russell@kirkland.com](mailto:alexandra.russell@kirkland.com)>; [bfee@morganlewis.com](mailto:bfee@morganlewis.com); DiMattio, Melina R.
<[melina.dimattio@morganlewis.com](mailto:melina.dimattio@morganlewis.com)>; ColcrysPlaintiffs <[ColcrysPlaintiffs@garwingerstein.com](mailto:ColcrysPlaintiffs@garwingerstein.com)>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Mr. Rich:  Apologies for not be able to respond sooner.

If you have a proposal to "potentially . . . narrow the request," please do so.  Plaintiff is more than happy to make a reasonable accommodation that does not limit its ability to assess the conspiracy-related communications made to/from (847) 910-7092 during the 2015-2019 time period.  Plaintiff is available to meet and confer to that end.

So that the record is clear, below are some additional responsive points to the issues you have most recently raised:

The email thread you appended below has apparently been altered to omit Plaintiff's November 15, 2022 response, which I have attached here.

Your reliance on Carpenter v. US, 138 S. Ct. 2206 (2018), is puzzling, as that case specifically concerned the government's need for a warrant to issue a subpoena seeking the carrier's highly detailed "cell/site sector" information, capable of pinpointing a person's location within 50 meters. It did not concern, as is at issue here, a subpoena principally seeking the dates, times, and duration of phone calls made and the phone numbers involved.  Regarding such at-issue information, Dr. Tully "has no reasonable expectation of privacy."  U.S. v. Brooks, 841 Fed. App. 346, 347, 350 (3d Cir. 2020) (upholding subpoenas for telephone records and flight information).

The subpoena is not directed to Dr. Tully, but rather AT&T, and AT&T confirmed via phone today that it had no objections to the subpoena and would make the requested production.  Accordingly, Dr. Tully does not have standing to challenge the subpoena on grounds of undue burden or expense.  AF Holdings, LLC v. Does 1-162,  2012 WL 488217, at *3 & n.1 (S.D. Fla. 2012) ("Putting aside the absence of authority to quash, the Court also finds that the Doe Defendant lacks standing to contest this subpoena. The subpoena was issued to Verizon, not the Doe Defendant.").  There being no undue burden grounds available, Dr. Tully has no non-frivolous basis to seek Rule 45(d)(1) sanctions.

Finally, the remedy for any legitimate privacy concern is a protective order, not the complete discovery bar you have insisted upon.  Plaintiff has no intention of using the information obtained from the subpoena for any use other than for its application to the litigation, and is open to

discussing an appropriate confidentiality agreement.

Best,
Brad

---

**From:** Rich, Joshua <rich@mbhb.com>
**Sent:** Wednesday, November 16, 2022 4:40 PM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R.
<melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

---

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

---

Counsel,

We appear to have received no response to the message set forth below (if the response was misdirected or caught in our spam filter, please let me know immediately and re-send the response).

If no response was sent, it then appears that Plaintiff is unwilling to identify any legal basis for the extreme breadth of its subpoena and is unwilling to withdraw the subpoena (potentially to narrow the request in light of the corrected information set forth below). That is unfortunate. It is also improper under Rule 45, and would subject Plaintiff (and its counsel) to the possibility of sanctions under Rule 45(d)(1).

In the absence of a substantive, reasonable response, we believe that we have no choice but to file a motion to quash the subpoena on Dr. Tully's behalf. Given that the subpoena was served upon AT&T Wireless in North Palm Beach, Florida, the motion may be filed in the first instance in the Southern District of Florida. However, the comments to Rule 45 indicate that "In new Rule 45(f), the party consent feature was removed, meaning consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court." We will reach out to AT&T Wireless to find their preference as to the venue of resolution of the motion.

Regards,

Joshua Rich

---

**Joshua Rich** | Partner and General Counsel
d: 312.913.2133 | o: 312.913.0001



300 S. Wacker Drive  |  Chicago, IL 60606
**Mansfield Rule Participating Firm**

---

**From:** Rich, Joshua
**Sent:** Tuesday, November 15, 2022 3:55 PM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R.
<melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Counsel,

Plaintiff seems to have a fundamental misunderstanding of the factual situation involved here. The
phone number that underlies the subpoena (at least the portion related to Dr. Tully) is for Dr. Tully's
personal cell phone. He used it from time to time for business calls, but it is primarily his personal
number (as you know from his testimony in deposition).

Under these circumstances, we believe it is clear that Dr. Tully has a privacy interest in not only his
personal call information and location identification (in which the Supreme Court found an individual
would have a privacy interest in *Carpenter v. US*), but also calls and texts with any business contacts
unrelated to this case. Plaintiff has no good faith basis for wanting to see any of that information,
and the only purpose of drafting a subpoena so broadly as to capture it all would be to seek to
harass, abuse, or  embarrass Dr. Tully. Such a broad request is unjustifiable under Rule 26, let alone
Rule 45's requirement that "[a] party or attorney responsible for issuing and serving a subpoena
must take reasonable steps to avoid imposing undue burden or expense on a person subject to the
subpoena."

We further note that we disagree completely with Plaintiff's assertion that it had no obligation to
alert Dr. Tully to the service of a subpoena seeking his personal information. That intentional lack of
notice is a further reason why the subpoena is improper.

We hope these points clear up Plaintiff's misunderstandings. Please let us know if Plaintiff will
withdraw the subpoena in light of the more accurate recitation of facts here.  Please let us know by
10 a.m. EST tomorrow.

Regards,

Joshua Rich



**Joshua Rich** | Partner and General Counsel
d: 312.913.2133 | o: 312.913.0001
300 S. Wacker Drive | Chicago, IL 60606
**Mansfield Rule Participating Firm**

**From:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Sent:** Monday, November 14, 2022 7:18 PM
**To:** Rich, Joshua <rich@mbhb.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; bfee@morganlewis.com; DiMattio, Melina R.
<melina.dimattio@morganlewis.com>; ColcrysPlaintiffs <ColcrysPlaintiffs@garwingerstein.com>
**Subject:** RE: Value Drug v. Takeda: Subpoena upon AT&T Wireless

Mr. Rich:  Thank you for your email but we will not be withdrawing the duly noticed subpoena for phone records Plaintiff served on AT&T.

Dr. Tully has no cognizable privacy interest in AT&T's records concerning the numbers from which Dr. Tully sent and received communications.  The AT&T phone number for Dr. Tully at issue in the subpoena, (847) 910-7092, is not a "home number" as you represent below, but is instead the cell phone number Dr. Tully regularly identified in his work email signature block and the one he used to make at-issue communications throughout the 2015-2019 time period specified in the subpoena.

Plaintiff alleges a conspiracy hatched in 2015 in which Dr. Tully's communications played a part, and Dr. Tully continued to have a role in relevant events up through Mylan's launch in December 2019.

In sum, there is nothing improper about the subpoena or its temporal scope.

If there is something legitimately embarrassing Dr. Tully expects will be revealed by the AT&T phone records, Plaintiff is happy to meet and confer to discuss those issues further.

Best,
Brad

**From:** Rich, Joshua <rich@mbhb.com>
**Sent:** Monday, November 14, 2022 8:16 AM
**To:** Bradley J. Demuth <bdemuth@faruqilaw.com>
**Cc:** Rae, Jacob M. <jacob.rae@kirkland.com>; Russell, Alexandra I.
<alexandra.russell@kirkland.com>; Raymond N. Barto <rbarto@faruqilaw.com>;
dlitvin@garwingerstein.com; Deborah Elman <delman@garwingerstein.com>;
bfee@morganlewis.com; DiMattio, Melina R. <melina.dimattio@morganlewis.com>
**Subject:** Value Drug v. Takeda: Subpoena upon AT&T Wireless

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

Counsel:

Over the weekend, AT&T Wireless informed Dr. Tully that Value Drug had served a subpoena dated October 28 upon it, seeking almost five years of phone records for Dr. Tully's personal cell phone (as well as information related to other individuals). As you know, we serve as Dr. Tully's counsel in relation to this matter. Yet we are unaware of any effort by Value Drug to notify us of the issuance or service of the subpoena upon AT&T Wireless.

First, please identify any efforts that Value Drug took to notify Dr. Tully of the subpoena seeking his personal phone records, either directly or through counsel. If none were made, please explain why Value Drug failed to make any effort to inform him of a subpoena that would have direct effect on his privacy.

Second, the subpoena is incredibly overbroad attempt to delve into Dr. Tully's personal records over a scope and time period seemingly unrelated to the underlying litigation. As Value Drug knows, the telephone number that is the subject of the subpoena is Dr. Tully home number, not his business telephone number. Further, there is no relationship between the time period specified in the subpoena (almost five years extending from the middle of the underlying litigation to over two years after its settlement) and anything relevant to this case. There is no attempt to tailor the inquiry to preserve Dr. .Tully's privacy whatsoever – the subpoena asks about every call he made from his personal number. Such a broad invasion of Dr. Tully's privacy can only be seen as an attempt to intimidate and embarrass him with the potential disclosure of his personal information.

Under these circumstances, we ask that Value Drug withdraw the subpoena immediately (at least as it pertains to Dr. Tully) and provide the information requested above by the close of business today. Please provide written notice of having done so as well, but the close of business today.

Regards,

Joshua Rich




**Joshua Rich** | Partner and General Counsel
d: 312.913.2133 | o: 312.913.0001
300 S. Wacker Drive | Chicago, IL 60606
**Mansfield Rule Participating Firm**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Value Drug Company

## DEFENDANTS
.TAKEDA PHARMACEUTICALS, U.S.A., INC., et al.,

**(b)** County of Residence of First Listed Plaintiff  Blair
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Faruqi & Faruqi, LLP, 1617 JFK Blvd. #1550

Attorneys *(If Known)*
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 606054

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
    Plaintiff

☑ 3 Federal Question
    *(U.S. Government Not a Party)*

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
    Student Loans
    (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☑ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
(See instructions): a) Re-filed Case ☐YES ☐NO   b) Related Cases ☑YES ☐ NO

JUDGE: Honoarable Mark A. Kearney   DOCKET NUMBER: 2:21-cv-03500 (EDPA)

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 1, 2, 15(a); Conspiracy in restraint of trade, monopolization, conspiracy to monopolize
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                SIGNATURE OF ATTORNEY OF RECORD
November 18, 2022        /s/ Nadia Abramson

FOR OFFICE USE ONLY : RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.