# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*, <br><br> Defendants | Civil Action No. 2:21-cv-03500-MAK |

## SPECIAL MASTER RECOMMENDED ORDER
## ON MOTION TO QUASH SUBPOENA DUCES TECUM TO AT&T WIRELESS

On October 28, 2022, Plaintiff issued a subpoena for production of documents to AT&T Wireless ("AT&T"). The subpoena, served on AT&T in North Palm Beach, Florida, called for production of "[e]lectronic specifications for all call, SMS, MMS, and data records" for eighteen specific phone numbers covering the period January 9, 2015 through December 31, 2019. The "electronic specifications" included the phone number originating the call, the phone number receiving the call, the date, time, and duration of the call, the time zones involved in the calls, the location of the phones involved in the call, and the type of phones involved, *i.e.*, "Mobile, Fax, Office." Among the phone numbers for which

1

"electronic specifications" was sought were one associated with Lars Taavola and another associated with Kenneth Cappel, former in-house attorneys for Defendant Amneal Pharmaceuticals, LLC ("Amneal").

The subpoena called for production of the requested information on November 18, 2022 at 9:00 a.m. in Miami, Florida.  At 8:54 a.m. on November 18, 2022, Amneal's counsel, purporting to represent Amneal's former employees, moved to quash the subpoena, asserting that it "inappropriately seeks personal information of non-parties [that] is neither relevant nor proportional to the needs" of this case.[1]  (ECF Document No. 670 at 1-2.)[2]  Alternatively, the movants request that the subpoena be narrowed so as "to not seek any location data, and to only seek information regarding phone calls between the individuals listed in the subpoena, instead of all calls made or received," an accommodation Plaintiff had made with Dr. Paul Tully, an outside counsel for Amneal whose phone number is also the subject of the subpoena.

---

[1] The sixteen other phone numbers that were the subject of the subpoena were identified as being associated with eleven other persons.  None of the other eleven persons associated with the sixteen other phone numbers moved to quash the subpoena.  By Order dated December 7, 2022, Judge Kearney authorized the production of the subpoenaed information for those sixteen telephone numbers. (ECF Document No. 678.)

[2] The motion to quash was filed in the United States District Court for the Southern District of Florida, the federal judicial district where the subpoena was served and where its compliance was commanded.  That Court transferred the motion to this Court and Judge Kearney referred the motion to the Special Discovery Master for a recommended disposition.  (*See* ECF Document No. 669.)

Plaintiff opposes the motion on four grounds.  First, it contends that the motion to quash, filed as it was just minutes before the deadline for compliance with the subpoena, is untimely.  Second, Plaintiff asserts that Taavola and Cappel do not have standing to challenge the subpoena because it was issued to a third-party.  Third, Plaintiff claims that the subpoena, although undoubtedly ensnaring information that has nothing to do with this lawsuit, is not overly broad because it captures information that is "'reasonably calculated to lead the discovery of admissible evidence.'"  (ECF Document No. 671 at 8.)  And finally, Plaintiff contends that Dr. Tully, as outside counsel, is not similarly situated to Cappel and Taavola, so that "[t]he accommodations Plaintiff made to non-party Dr. Tully are simply not available to Taavola and Cappel."  (*Id.* at 11.)

Oral argument on the motion to quash was presented on December 7, 2022.  For the reasons that follow, it will  be recommended that the motion to quash be granted to the extent that the subpoena should be modified to conform to the accommodation Plaintiff provided to Dr. Tully.

As to the timeliness of the motion, it is indeed distressing that Taavola and Cappel (the "Movants") would wait until minutes before the subpoena's compliance deadline to file their motion to quash.  Although Rule 45 of the Federal Rules of Civil Procedure does specify that a motion to quash must be "timely," it does not specify what constitutes a timely motion.  The Movants flirted with

having their motion summarily denied as there is non-binding authority that a motion to quash filed on the date of compliance is too late. *See, e.g., Paslar v. Stamford Hosp.,* 3:16CV01645(JCH), 2017 WL 3055508, at *3 (D. Conn. July 19, 2017); *CCB LLC v. Banktrust*, 3:10CV228/LAC/EMT, 2010 WL 4038740, at *1 (N.D. Fla. Oct. 14, 2010) ("Fleisher's motion to quash (Doc. 34) was filed on October 11, 2010, at 9:03 a.m., a mere twenty-seven minutes before the time Fleisher was required to appear for his deposition and produce documents. [S]uch a small amount of time is clearly insufficient for any court to issue a meaningful and timely order, especially considering that it provides no time for the filing of a response to the motion by the party issuing the subpoena.") There is, however, authority that a motion to quash filed on the date specified for compliance with the subpoena is timely. *See, e.g., Diodato v. Wells Fargo Ins. Services USA, Inc.,* 1:12-CV-02454, 2013 WL 6054824, at *1 (M.D. Pa. Nov. 15, 2013). And there is also authority that a court may consider an untimely motion to quash. *See, e.g., Paslar,* 2017 WL 3055508, at *3. Movants have explained that they were trying to negotiate a narrowing of the subpoena up until the compliance deadline. Under these circumstances, the motion to quash will not be denied as untimely.

Nor will the motion to quash be denied for lack of standing. "Generally, a party does not have standing to challenge a subpoena served on a non-party, unless that party has a personal right or privilege with respect to the subject matter of the

materials subpoenaed." *Mancuso v. Fla. Metro. U., Inc.*, 09-61984-CIV, 2011 WL 310726, at *1–2 (S.D. Fla. Jan. 28, 2011). Neither Taavola nor Cappel claim that the subpoenaed phone records would reveal privileged information. They do, however, assert a personal privacy interest in not having divulged all their contacts and their locations over a five year period.

During oral argument on December 7, 2022, Plaintiff articulated a rationale for seeking location information (*i.e.*, it could reveal who was with or in the vicinity of Cappel and/or Taavola in relation to communications that could be viewed as in furtherance of the alleged conspiracy). But Plaintiff did not justify using the bludgeon of a broad subpoena that would result in production of hundreds, if not thousands, of data points having nothing to do with this case in order to acquire knowledge of a few specific communications. Courts have recognized that "parties have 'a personal interest in their financial *and telephone* records sufficient to confer standing to challenge a subpoena directed to a third-party.'" *See, e.g., Keim v. ADF Midatlantic, LLC*, 12-80577-CIV, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (emphasis added), *quoting Mancuso v. Florida Metropolitan University, Inc.,* No. 09–61984–CIV, 2011 WL 310726, at *1 (S.D. Fla. Jan. 28, 2011). Furthermore, courts have recognized that a party has standing to assert relevance objections to third-party subpoenas. *See, e.g., Gilmore v. Jones*, Civil A. No. 21-13184, 2022 WL 267422, at *2 (D.N.J. Jan. 28, 2022).

It is undeniable that a subpoena for the "electronic specifications" sought by Plaintiff here covering a five-year period would encompass information having nothing to do with this case. Under these circumstances, Taavola and Cappel plainly have standing to challenge the subpoena.

"'[C]ourts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant. . . .'" *Malhan v. Grewal*, CV 16-8495 (CCC), 2020 WL 6391180, at *3 (D.N.J. Nov. 2, 2020). Much of the discovery sought by the contested subpoena is indeed irrelevant. In response to Dr. Tully's challenge to the breadth of the subpoena, Plaintiff agreed to a significant reduction in its scope, only requiring production of information for calls involving the phone numbers identified on the subpoena and eliminating the request for location information. Plaintiff, however, has adamantly refused to consider any modification for Cappel and Taavola along these lines, even though they are former employees of Amneal, just as Tully is a former lawyer for Amneal, and Tully, like Taavola and Cappel, were involved in negotiating the Takeda/Amneal settlement agreement.

Plaintiff has sought to rationalize the difference in treatment by pointing to the fact that the agreement with Tully allows Plaintiff to seek additional "electronic specifications" for other phone numbers should discovery suggest a basis for doing so.³ But a narrowing of the subpoena directed to the phone numbers for Taavola

---

³ As explained by Plaintiff during the December 7, 2022 oral argument:

6

and Cappel on the same basis as the modification for Dr. Tully's phone records would not preclude Plaintiff from seeking additional records or "electronic specifications" for additional phone numbers pertinent to Taavola or Cappel should discovery support such request. And Plaintiff will have no limitation on the records for the eleven other individuals whose phone records have been subpoenaed without objection. Thus, Plaintiff will indeed have a sufficient "body of documents" from which to make a determination as to whether to seek records for other phone numbers. (12/7/22 Hearing Tr. at 23-24.)

**ACCORDINGLY, IT IS HEREBY RECOMMENDED** that the Court grant the Motion to Quash (ECF Document No. 670) to the extent that the subpoena be limited to not requiring production of any location data with respect to Taavola and Cappel, and to seek only information regarding phone calls involving the Taavola and Cappel phone numbers, on the one hand, and the phone numbers for the other individuals listed in the subpoena on the other, instead of all calls made or received.

---

> What we did for Dr. Tully is we limited the -- his production to the phone numbers that we had also requested in the subpoena, with the caveat that upon our review of the records produced on all those other numbers, if in our analysis of these conspiracy communications we determine that there were other numbers, that we would go back to Dr. Tully and get production on those numbers as well.

(12/7/22 Hearing Tr. at 23-24.)

**IT IS FURTHER RECOMMENDED THAT** the Motion to Quash in all other respects be **DENIED.**

s/ Thomas I. Vanaskie
Hon. Thomas I. Vanaskie (Ret.)
Special Discovery Master
