IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALUE DRUG COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-3500** |
| | : | |
| **TAKEDA PHARMACEUTICALS,** | : | |
| **U.S.A., INC.,** *et al.* | : | |

# <u>ORDER</u>

**AND NOW**, this 14th day of April 2023, upon considering the parties' presentations during this morning's noticed conference with trial counsel (ECF Doc. Nos. 902, 903) after considering Plaintiff's Motion (ECF Doc. No. 901) for leave to file a second amended Complaint (ECF Doc. No. 901-1) adding eighteen direct purchasers of branded and generic Colcrys as plaintiffs, the filing of a related action at No. 23-1364, the parties' March 10, 2023 joint Notice (ECF Doc. No. 892), the parties' joint Report (ECF Doc. No. 901-3) in response to our March 14, 2023 Order (ECF Doc. No. 897) directing the parties to inform us how they want to proceed towards trial after our February 28, 2023 denial of class certification (ECF Doc. Nos. 889, 890), and good cause to amend the parties' obligations necessary to begin the jury trial on **September 5, 2023** based on finding:

    a.    The parties completed extensive fact and expert discovery relating to claims brought by Value Drug as confirmed in the pending summary judgment motions (ECF Doc. Nos. 737, 739, 744) and resolved motions seeking to preclude expert testimony;

    b.    Value Drug seeks leave to file the proposed second amended Complaint by joining eighteen direct purchaser plaintiffs and removing its class action allegations;

c. The eighteen joined plaintiff direct purchasers do not presently seek discovery from Defendants as they properly rely on the extensive discovery adduced by Value Drug and instead intend to present their damages through a summary chart at trial;

d. The parties agree the statute of limitations for the eighteen joined Plaintiffs is tolled upon the filing of the Plaintiff's Motion (ECF Doc. No. 901);

e. While Plaintiffs intend, subject to altering their strategy, to introduce individual damages through a summary chart, Defendants have the right to challenge those entries including antitrust impact for each joined Plaintiff and obtain limited discovery for their defense of the individual damages notwithstanding whether designees of individual Plaintiffs testify at trial;

f. The April 10, 2023 Complaint in *RDC Liquidating Trust by and through its trustee, Advisory Trust Group LLC et al v. Takeda Pharmaceuticals U.S.A., Inc. et al* (No. 23-1364) is largely duplicative of Value Drug's proposed second amended Complaint and will be dismissed today upon consent;

g. The interests of justice warrant setting a trial after limited discovery into each of joined Plaintiffs' damages;

It is **ORDERED**:

1. Plaintiff's Motion (ECF Doc. No. 901) for leave to file a second amended Complaint is **GRANTED** requiring Plaintiff file the second amended Complaint no later than **April 17, 2023** and Defendants file an Answer with affirmative defenses reserving dispositive arguments no later than **April 25, 2023**.

2. We will **amend** the caption upon filing the second amended Complaint to reflect all named parties;

3. We vacate the parties' pre-trial and trial obligations leading to a May 18, 2023 trial under our March 14, 2023 Order (ECF Doc. No. 897 ¶¶ 5–12).

4. Each joined Plaintiff will serve Rule 26(a)(1)(A) disclosures including production of documents without a Rule 34 request no later than **May 1, 2023** including specifically (a) identifying and producing its sales, purchase prices, and negotiations for purchases of brand and/or generic Colcrys at issue from September 15, 2017 until December 1, 2020; (b) agreements assigning claims to/from the joined plaintiff, and, (c) data reflecting each joined plaintiff's sales of brand and/or generic Colcrys to an assignee covered by any such assignment from September 15, 2017 until December 1, 2020.

5. The parties are granted leave beginning today for fact and expert discovery limited to the damages claims by joined Plaintiffs to be served, noticed, and completed by **June 30, 2023**:

    a. Defendants may issue no more than a total of ten written discovery requests under Federal Rules 31, 33, 34, and 36 (inclusive) to each joined Plaintiff designed only to inquire about the information required to be produced in the mandatory disclosures relating to bona fide purchases of brand and generic Colcrys as well as for purchases of products used to treat gout and/or Mediterranean fever from September 15, 2017 until December 1, 2020;

    b. Each joined Plaintiff shall respond to the written discovery requests within fourteen days of service;

    c. Defendants are granted leave to depose one designee of each joined Plaintiff not to exceed three hours expecting deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition;

d. Counsel shall confirm in writing to each other the dates for each designee deposition by no later than **May 15, 2023;**

e. Discovery disputes if not resolved after a meaningful meet and confer compliant with our Policies shall continue to be resolved under our March 15, 2022 Order (ECF Doc. No. 198).

6. The joined Plaintiffs are granted leave as they deem necessary to serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) relating to their individual damages by no later than **June 2, 2023**. Defendants may offer a rebuttal opinion on a newly adduced expert opinion no later than **June 27, 2023**. Expert depositions not exceeding ninety minutes relating only to the expert opinions relating to damages claimed by the joined Plaintiffs, if any, shall be concluded no later than **June 30, 2023**.

7. No later than **June 6, 2023**, each Plaintiff seeking relief of any sort shall serve a detailed written demand consistent with Federal Rule of Evidence 408 representing a compromise position to resolve its claim upon all parties claimed to be responsible for any claim of relief to it. All responding parties shall provide a detailed written response representing a compromise to each demand on or before **June 28, 2023**,

8. The parties shall promptly confer allowing Plaintiffs to file a Notice not exceeding two pages on or before **April 28, 2023** identifying the mediation schedule including confirmed mediation dates with Judge Rueter to begin no later than **July 14, 2023.**

9. The parties are granted leave to move for partial summary judgment on each joined Plaintiff's damages claim compliant with our Policies and supported by a consolidated memorandum not exceeding forty pages and not repeating arguments now before us filed no later

than **July 7, 2023** with a response not exceeding ten pages as to each challenged joined Plaintiff due no later than **July 18, 2023.**

10. No later than **August 14, 2023**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

11. No later than **August 15, 2023**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

12. No later than **August 15, 2023**, each party shall file a pretrial memorandum compliant with this Court's Policies.

13. All motions affecting trial presentations (e.g., in limine other than challenging disclosed experts), proposed voir dire peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the contested exhibits and highlighted designations to Chambers) shall be filed on or before **August 18, 2023**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **August 25, 2023**.

14. We will hold a final pretrial conference over the Chambers' conference line on **August 31, 2023** at **8:30 A.M**.: (Dial-in Number: 888-278-0296; Access Code: 5723096#).

15. Only those exhibits, discovery items and expert witnesses identified consistent with this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and otherwise permitted.

16. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner

defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

17. Lead trial counsel are attached for a twenty-day jury trial (excluding September 22, 25, 26) beginning on **September 5, 2023** (excluding September 22, 25, 26, 2023) at 9:00 A.M. in Courtroom 6B, 601 Market Street, Philadelphia, Pennsylvania.

                                                                                               **KEARNEY, J.**