IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, *et al.*, | : CIVIL ACTION |
| | : |
| v. | : NO. 21-3500 |
| | : |
| TAKEDA PHARMACEUTICALS, U.S.A., INC., *et al.* | : |

## ORDER

AND NOW, this 24th day of May 2023, following extensive study of the varied credibility and fact-centered arguments and assumptions presented in Plaintiff Value Drug's Motion for partial summary judgment (EFC Doc. No. 739), Defendants' Opposition (ECF Doc. No. 801), Value Drug's Reply (ECF Doc. No. 845), Defendant Takeda's Motion (ECF Doc. No. 744) for summary judgment, Defendants Amneal, Teva, and Watson's joint Motion (ECF Doc. No. 737) for summary judgment, Value Drug's combined Opposition (ECF Doc. No. 828), and Defendants' joint Reply (ECF Doc. No. 850) leading us to find several genuine disputes of material fact precluding judgment as a matter of law on all or part of each challenged claim or defense, and for good cause, it is **ORDERED** Value Drug's Motion (ECF Doc. No. 739), Takeda's Motion (ECF Doc. No. 744), and Amneal, Teva, and Watson's joint Motion (ECF Doc. No. 737) are **DENIED**.[1]

KEARNEY, J.

---

[1] Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there exists 'no genuine dispute as to any material fact' and the movant 'is entitled to judgment as a matter of law.'" *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021) (quoting *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018)).

We find several genuine disputes of material fact. By way of example: when Amneal and Watson learned of the terms of each other's and Par's settlement agreement with Takeda (ECF Doc. No. 865 ¶¶ 32, 47–54, 68, 84, 97, 102–103); the interdependence of the settlement agreements (*Id.*); the relevant antitrust market and cross-price elasticity of demand (EFC Doc. No. 847 ¶ 145); the validity of Takeda's patents (*Id.* ¶ 176); and Takeda's likelihood of success in the underlying patent litigation (*Id.* ¶ 201). The parties adduce dueling experts on numerous fact issues. The jury will resolve these disputed issues unless we, after hearing the evidence at trial, find no genuine issues arising from the adduced evidence in the case-in-chief.